Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Meline G. MacCurdy, WSBA No. 39467
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Ph: (206) 292-2600
E-mail: jkray@martenlaw.com
        jferrell@martenlaw.com
        mmaccurdy@martenlaw.com

Attorneys for Plaintiff Seattle Times Company

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LEATHERCARE, INC.,<br><br>Defendant. | NO. _____<br><br>SEATTLE TIMES COMPANY'S COMPLAINT UNDER CERCLA SECTION 107 AND WASHINGTON STATE MODEL TOXICS CONTROL ACT<br><br>JURY DEMANDED |

For its Complaint against defendant LeatherCare, Inc. ("LeatherCare"), plaintiff Seattle Times Company ("Seattle Times") alleges as follows:

**INTRODUCTION**

1. Seattle Times is the former owner of real property on the city block bounded by Fairview Avenue North, Thomas Street, Boren Avenue North, and Harrison Street in Seattle, Washington (the "Troy Property"). Seattle Times brings this action against LeatherCare, a former lessee and/or sublessee of the Troy Property, for damages resulting from environmental

COMPLAINT AND JURY DEMAND - 1

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

contamination due to LeatherCare's operations, including without limitation releases of perchloroethylene and petroleum hydrocarbons at and migrating from the Troy Property (collectively, the "Site").

## THE PARTIES

2. Seattle Times is a corporation organized under the laws of the State of Delaware with its principal place of business in Seattle, Washington. Seattle Times is authorized to do business and is currently doing business in the State of Washington.

3. LeatherCare is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington. LeatherCare's current business address is 901 Elliott Avenue West, Seattle, Washington 98119.

## JURISDICTION AND VENUE

4. This action involves claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") and the Washington State Model Toxics Control Act ("MTCA"), RCW Chapter 70.105D.

5. This Court has original subject matter jurisdiction over the CERCLA claims under 42 U.S.C. § 9613(b) and supplemental jurisdiction over the MTCA claims under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over LeatherCare, because it has transacted business in King County, Washington and the events giving rise to the claim occurred in King County, Washington.

7. Venue in this Court is proper under 42 U.S.C. § 9613(b).

## FACTS

8. Seattle Times took title to the Troy Property in March 1985.

9. Seattle Times sold the Troy Property to Touchstone SLU LLC ("Touchstone") in June 2011.

10. In or about 1957, LeatherCare began leasing a portion of the Troy Property under the name Seattle Fur Service as a tenant of Troy Linen and Uniform Services. LeatherCare's

COMPLAINT AND JURY DEMAND - 2

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

operations included dry cleaning, laundering, and garment care. LeatherCare's operations at the

11. Troy Property continued under multiple business names until approximately July 1985.

12. During LeatherCare's lease and operations at the Troy Property, LeatherCare used and released hazardous substances, including perchloroethylene and a petroleum-based substance known as Stoddard Solvent, to the soil and groundwater beneath the Troy Property.

13. From 1994 to the present, there have been several environmental investigations at the Site. These investigations have evaluated the presence of hazardous substances, including perchloroethylene and petroleum hydrocarbons. Both of these hazardous substances and related compounds were identified in soil, soil gas, and/or groundwater at concentrations exceeding CERCLA and MTCA cleanup levels at the Site, including on and beneath the Troy Property and adjacent rights-of-way.

14. LeatherCare's operations caused soil, soil gas, and groundwater to be contaminated at the Site. The hazardous substances that LeatherCare used in its operations—perchloroethylene and hydrocarbons—were identified as resulting from LeatherCare's operations.

15. Seattle Times and Touchstone have conducted response actions and remedial actions at the Troy Property to clean up hazardous substances in soil, soil gas, and groundwater. These actions have included installation of a soil vapor extraction system, source removal excavations, and installation of an in-situ groundwater injection well network in the primary groundwater-bearing zone beneath the Site.

16. Touchstone is conducting response actions and remedial actions at the Site under an agreed order with the Washington State Department of Ecology in conjunction with redeveloping the Troy Property.

17. Seattle Times has incurred and will continue to incur response costs and remedial action costs associated with investigating and remediating hazardous substances at the Troy Property and the Site.

COMPLAINT AND JURY DEMAND - 3

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

## CERCLA CLAIM

18. Seattle Times incorporates by reference all previous allegations.

19. LeatherCare is a "person" within the meaning of 42 U.S.C. § 9601(21) who was an "owner" and/or an "operator" of a business that conducted dry cleaning, laundering, and other garment care on the Troy Property within the meaning 42 U.S.C. § 9607(a)(2), and as those terms are defined in 42 U.S.C. § 9601(20).

20. LeatherCare's former dry cleaning business on the Troy Property was a "facility" as defined in 42 U.S.C. § 9601(9).

21. During LeatherCare's period of ownership and/or operation of the Troy Property, "releases" or "disposals" of "hazardous substances" occurred from the dry cleaning facility on the Troy Property as these terms are defined in 42 U.S.C. § 9601(14), (22), and (29).

22. These releases caused and will continue to cause Seattle Times to take response actions and incur "response costs," as that term is defined under 42 U.S.C. § 9601(25).

23. The response costs incurred by Seattle Times are necessary and consistent with the National Contingency Plan under 42 U.S.C. § 9607(a)(4)(B) and 40 C.F.R. Part 300.

24. LeatherCare is liable to Seattle Times for cost recovery of the full amount of such response costs, including without limitation prejudgment interest, pursuant to 42 U.S.C. § 9607(a).

## MTCA CLAIM

25. Seattle Times incorporates by reference all previous allegations.

26. LeatherCare was an "owner" and/or an "operator" of a business that conducted dry cleaning, laundering, and other garment care on the Troy Property within the meaning of RCW 70.105D.040(1)(b) and as those terms are defined in RCW 70.105D.020(22).

27. LeatherCare's former dry cleaning business on the Troy Property was a "facility" as defined in RCW 70.105D.020(8).

28. During the period of LeatherCare's tenancy and/or operation of the Troy Property, "releases" of "hazardous substances" occurred from the dry cleaning facility on the Troy

COMPLAINT AND JURY DEMAND - 4

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

Property, as these terms are respectively defined in RCW 70.105D.020(32) and (13).

29. These releases caused and will continue to cause Seattle Times to take and or fund "remedial actions" as defined in RCW 70.105D.020(33).

30. These remedial actions are, when evaluated as a whole, substantially equivalent to remedial action conducted or supervised by Ecology.

31. Seattle Times has incurred and will incur remedial action costs at the Troy Property due to LeatherCare's former operations of a facility at the Troy Property.

32. Under RCW 70.105D.080, LeatherCare is liable to Seattle Times in contribution for the full amount of such remedial action costs, including without limitation reasonable attorney fees and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. A declaration that LeatherCare is liable for response costs as a past owner and/or operator under CERCLA.
2. A declaration that LeatherCare is liable for remedial action costs as a past owner and/or operator under MTCA.
3. Judgment against LeatherCare awarding Seattle Times damages in amounts to be proven at trial;
4. Judgment against LeatherCare awarding Seattle Times its reasonable attorney fees and expenses;
5. Pre-judgment interest according to applicable law; and
6. For such further relief as the Court deems just and proper.

**JURY DEMAND**

Seattle Times demands a jury on all claims in this Complaint that are triable by jury.

COMPLAINT AND JURY DEMAND - 5

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

| | |
|---|---|
| 1 | Respectfully submitted this 4th day of December, 2015. |

<pre>
                                  MARTEN LAW PLLC


                         By:    s/ Jeff B. Kray
                                s/ Jessica K. Ferrell
                                s/ Meline G. MacCurdy
                                Jeff B. Kray, WSBA No. 22174
                                Jessica K. Ferrell, WSBA No. 36917
                                Meline G. MacCurdy, WSBA No. 39467
                                1191 Second Avenue, Suite 2200
                                Seattle, WA 98101
                                Ph: (206) 292-2600
                                Fx: (206) 292-2601
                                jkray@martenlaw.com
                                jferrell@martenlaw.com
                                mmaccurdy@martenlaw.com

                         Attorneys for Plaintiff Seattle Times Company
</pre>

Line numbers: 1–27

COMPLAINT AND JURY DEMAND - 6

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)