The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>LEATHERCARE, INC.,<br><br>    Defendant. | No. 2:15-cv-01901-TSZ<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT LEATHERCARE, INC.** |

COMES NOW the defendant, LeatherCare, Inc. ("LeatherCare"), and for its answer to Plaintiff's Complaint states as follows:

## I.  INTRODUCTION

1.  LeatherCare admits that Seattle Times is the former owner and operator of certain real property located generally as described in paragraph 1 of Plaintiff's Complaint and as more particularly described in the Statutory Warranty Deed recorded under King County Recorder's No. 20110610000446.  LeatherCare admits that it formerly occupied a small portion of the "Troy Property" as a lessee.  LeatherCare denies the balance of the allegations contained in paragraph 1 of Plaintiff's Complaint.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 1
Case No. 2:15-cv-01901-TSZ

1249388.01



## II. THE PARTIES

2. Admit.

3. Admit.

## III. JURISDICTION AND VENUE

4. LeatherCare admits that Plaintiff has alleged causes of action under both the statutes recited.

5. Admit.

6. Admit.

7. Admit.

## IV. FACTS

8. LeatherCare admits that Seattle Times took title to the Troy Property on March 5, 1985.

9. LeatherCare admits that Seattle Times conveyed title to the Troy Property to Touchstone SLU, LLC ("Touchstone") on June 10, 2011.

10. LeatherCare here answers paragraphs 10 and 11 of Plaintiff's Complaint as they appear to be one continuous allegation. LeatherCare admits that it began leasing a small portion of the Troy Property under the name Seattle Fur Service as a tenant of Troy Linen and Uniform, Inc. LeatherCare admits that its operations at the Troy Property continued under multiple business names, with varying operations over the years, until it completed its move out in or around July 1985. LeatherCare admits that its operations included dry-cleaning and garment care but denies laundering or laundry as that term is understood.

11. Intentionally Omitted. Answered as a part of paragraph 10.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 2
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

12. LeatherCare admits that during LeatherCare's lease and operations at the Troy Property LeatherCare used hazardous substances including perchloroethylene and stoddard solvent. LeatherCare denies the balance of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. LeatherCare lacks sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Denied.

15. LeatherCare lacks sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. LeatherCare admits that Touchstone entered into an Agreed Order No. DE8996 date stamped May 23, 2012 with the State of Washington Department of Ecology. LeatherCare lacks sufficient information to either admit or deny the balance of the allegations in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. LeatherCare lacks sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

### V.   CERCLA CLAIM

18. LeatherCare incorporates by reference all previous answers to Plaintiff's allegations.

19. LeatherCare admits that it is a "person" within the meaning of 42 USC § 9601(21) who was an "operator" of a business that conducted dry-cleaning and other garment care on a small portion of the Troy Property within the meaning of 42 USC § 9607(a)(2) as

ANSWER OF DEFENDANT LEATHERCARE, INC.- 3
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

those terms are defined in 42 USC § 9601(20). LeatherCare denies the balance of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Admit.

21. Denied.

22. Denied.

23. LeatherCare lacks sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Denied.

## VI.  MTCA CLAIM

25. LeatherCare incorporates by reference all previous answers to Plaintiff's allegations.

26. LeatherCare admits that it was an "operator" of a business that conducted dry-cleaning and other garment care on a small portion of the Troy Property within the meaning of RCW 70.105D.040(1)(b) and as those terms are defined in RCW 70.105D.020(22). LeatherCare denies the balance of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Admit.

28. Denied.

29. Denied.

30. LeatherCare lacks sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. Denied.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 4
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

32. Denied.

## VII.   AFFIRMATIVE DEFENSES

Having answered Plaintiff's Complaint Defendant hereby pleads its affirmative defenses as follows:

1. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

2. Contributory Fault. The acts and damages complained of are the fault of Plaintiff, and/or its agents.

3. Contributory Negligence. Plaintiff's own negligence and/or wrongful acts caused the harm(s) complained of in the Complaint.

4. Contributory Gross Negligence. Plaintiff's own gross negligence and/or intentional wrongful acts caused the harm(s) complained of in the Complaint.

5. Fault of Another, Non-Party. The harm(s) complained of are the fault of another, a third party not a party to this action, and/or the agent(s) and/or consultants of Plaintiff.

6. Plaintiff failed to mitigate its damages.

7. Plaintiff failed to timely provide notice and access to Defendants to observe, investigate and address the condition(s) complained of.

8. Plaintiff voluntarily assumed the risks and costs complained of.

9. Plaintiff voluntarily assumed indemnity obligations, which exceed the relief provided by the statutes upon which Plaintiff relies.

10. Waiver, laches, and/or estoppel.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 5
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1249388.01

## VIII. COUNTERCLAIMS

Having answered Plaintiff's Complaint and pleaded its defenses, Defendant hereby pleads its Counterclaims as follows:

**FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT UNDER MTCA**

1. LeatherCare incorporates by reference and realleges all facts stated and admitted in the foregoing paragraphs.

2. Seattle Times is the former "owner" and/or "operator" of the real property described as the Troy Property in Plaintiff's Complaint., within the meaning of RCW 70.105D.040(1)(b).

3. The Seattle Times purchased the Troy Property from Troy Linen and Uniform Inc.

4. Seattle Times took title to the Troy Property on March 5, 1985. Seattle Times owned and operated the property in excess of 26 years, from March 5, 1985 to June 10, 2011.

5. At the time Seattle Times purchased the Troy Property it had actual knowledge that Troy Linen Uniform Inc. ("Troy Linen") was an industrial scale, drycleaning facility and operation, within the meaning of and as "facility" is defined in RCW 70.105D.020(8).

6. At the time Seattle Times purchased the Troy Property it had actual knowledge of the various hazardous substances being used and stored on the Troy Property, including but not limited to Stoddard solvent, and other petroleum based products, perchloroethylene and other similar solvents.

7. At the time Seattle Times purchased the Troy Property reasonable inquiry, and all appropriate inquiry would have revealed the obvious presence and use of stoddard solvent,

ANSWER OF DEFENDANT LEATHERCARE, INC.- 6
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

perchloroethylene, other petroleum based products and other organic solvents in areas such as the Troy Linen drycleaning operation, the LeatherCare drycleaning operation, the Troy Linen delivery truck fleet service area, underground and above ground storage tanks, in, on and/or under the Troy Property prior to the contemplated purchase, at a minimum.

8. At the time Seattle Times purchased the Troy Property it had actual knowledge that LeatherCare was a tenant of Troy Linen and that LeatherCare conducted a drycleaning business on a portion of the Troy Property.

9. At the time Seattle Times purchased the Troy Property it took assignment of the Troy Linen lease with LeatherCare and took over all contractual relationships with and all duties and responsibilities as Landlord to LeatherCare.

10. LeatherCare is, therefore, entitled to a Declaratory Judgment, pursuant to RCW 70.105D.080 and RCW 7.24.020 declaring that Seattle Times is a liable person, or a person liable under RCW 70.105D.040 and with respect to the hazardous substances at the Troy Property and/or alleged in Plaintiff's Complaint.

11. LeatherCare is further entitled to a Declaratory Judgement that Seattle Times is jointly and severally liable for any and all remedial action costs and/or other damages alleged in Plaintiff's Complaint.

12. LeatherCare is further entitled to a Declaratory Judgment, if and only if liability is proved, declaring that its liability is limited to its allocable share in contribution based upon the application of appropriate equitable factors.

**SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT UNDER CERCLA § 113(f) AND MTCA RCW 70.105D.080**

13. LeatherCare incorporates by reference all previous allegations.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 7
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

14.     LeatherCare is entitled to a Declaratory Judgment under CERCLA § 113(f) and RCW 70.105D.080 declaring that Seattle Times is responsible for the allocable share, in contribution or through other application of equitable factors, for the current owner and developer of the site as referenced in Plaintiff's Complaint, Touchstone SLU, LLC ("Touchstone") as Seattle Times assumed this share via contract through an indemnity agreement in its Purchase and Sale Agreement with Touchstone, among other factors.

15.     LeatherCare is further entitled to a Declaratory Judgment that Seattle Times is responsible, in contribution or through other application of equitable factors, for the allocable share of the previous owners and operators of the site including but not necessarily limited to Troy Linen and Uniforms Services, Inc. and/or Troy Linen and Uniform, Inc., Charles R. Maryatt, Tim K. Rich, David E. Maryatt, American Linen Supply Company, dba Maryatt Industries, Fred J. Hagen, Nancy A. Hagen, Mary E. Pfeiffer, Mary J. Bennett, Robert M. Hagen and Barbara H. Anderson, Nancy A. Hagen and Charles T. Hagen as Trustees of the William P. Hagen Trust, their agents and assigns by virtue of Seattle Times' entry into a Release, Settlement and Hold Harmless Agreement with the above-referenced parties in settlement of a lawsuit(s) concerning, among other things, hazardous substances at the Troy Property, on July 29, 1987, at a time when Seattle Times owned and controlled the facility and/or site and at a time when Seattle Times was in a position to ascertain the extent of the contamination, if any, to mitigate any further release and/or migration of the alleged contamination and at a time when the above-referenced and released parties survived and were available and could be held legally responsible as potentially liable parties and/or persons liable under RCW 70.105D.040, among other factors.

ANSWER OF DEFENDANT LEATHERCARE, INC.- 8
Case No. 2:15-cv-01901-TSZ

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1249388.01

**THIRD COUNTERCLAIM FOR CONTRIBUTION UNDER CERCLA § 113(f)**

16. LeatherCare incorporates by reference all previous allegations.

17. If and only if LeatherCare is found to be liable for any portion of the "response costs" as that term is defined under 42 USC § 9601(25), or other costs claimed by Plaintiff, then LeatherCare is entitled to contribution from Seattle Times under 42 USC § 9613(f), and any other applicable section, as Seattle Times is a potentially responsible party under 42 USC § 9607(a), at a minimum but not limited to subsection (2), a past owner and/or operator of the alleged facility when the disposal of hazardous substances occurred and is, therefore, liable to LeatherCare and/or responsible for its own allocable shares of the claimed costs, pursuant to the findings and declarations of the Court on LeatherCare's requests for Declaratory Judgment and the application of all appropriate equitable factors.

## IX. PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiffs' Complaint, having pleaded it defenses and counterclaims, LeatherCare prays for the following relief:

1. That plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing thereby;

2. For Declaratory Judgments as requested declaring among other things the status of Seattle Times and the allocable shares of responsibility of the parties as to any present costs or damages claimed and any future costs or damage claims;

3. For Judgment against Seattle Times in contribution for its equitable shares of any clean-up costs, response costs and/or and remedial action costs proven;

4. For an award of LeatherCare's reasonable and statutory attorneys' fees and costs;

ANSWER OF DEFENDANT LEATHERCARE, INC.- 9
Case No. 2:15-cv-01901-TSZ

1249388.01



5. For an award of pre-judgment interest according to applicable law; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 29th day of January, 2016.

                RYAN, SWANSON & CLEVELAND, PLLC

By */s/ Jo M. Flannery*
    Jo M. Flannery, WSBA #26086
    Attorneys for Defendant

1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
*Flannery@ryanlaw.com*

ANSWER OF DEFENDANT LEATHERCARE, INC.- 10
Case No. 2:15-cv-01901-TSZ

1249388.01



# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on this 29th day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via the CM/ECF filing system to counsel of record for Plaintiff at the email address described below:

Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Meline G. MacCurdy, WSBA No. 39467
MARTEN LAW PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Ph : (206) 292-2600
Fx: (206) 292-2601
jkray@martenlaw.com
jferrell@martenlaw.com
mmaccurdy@martenlaw.com

DATED this 29th day of January, 2016.

By */s/ Jo M. Flannery*
Jo M. Flannery, WSBA #26086
Attorneys for Defendant

1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
*Flannery@ryanlaw.com*

ANSWER OF DEFENDANT LEATHERCARE, INC.- 11
Case No. 2:15-cv-01901-TSZ

1249388.01


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359