UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>  v.<br><br>TOUCHSTONE SLU LLC; TB TS/RELP LLC; AMERICAN LINEN SUPPLY CO.; and DOES 1-20,<br><br>    Third-Party Defendants. | C15-1901 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff Seattle Times Company's motion for partial summary judgment as to the liability of defendant Steven Ritt, docket no. 53, and Ritt's cross-motion for summary judgment, docket no. 59, are DENIED. Whether Ritt was an "operator" for purposes of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") or Washington's Model Toxics Control Act ("MTCA") involves genuine issues of material fact. *See* Fed. R. Civ. P. 56(a); *see also United States v. Bestfoods*, 524 U.S. 51, 66-67 (1998) (to qualify as an "operator," an individual must "manage, direct, or conduct operations specifically related to pollution," *i.e.*, "operations having to do with the leakage or disposal of hazardous waste, or decisions about

MINUTE ORDER - 1

compliance with environmental regulations"); *Allied Waste Transp., Inc. v. John Sexton Sand & Gravel Corp.*, 2016 WL 3443897 (N.D. Ill. June 23, 2016) (concluding that whether executives of the corporate defendant were "operators" under CERCLA involved factual disputes); *California v. Celtor Chem. Corp.*, 901 F. Supp. 1481 (N.D. Cal. 1995) (denying the individual defendant's motion for summary judgment, concluding that genuine issues of material fact existed as to whether the individual defendant qualified as an "operator").[1] Whether Ritt was an "arranger" under CERCLA or the MTCA also involves genuine issues of material fact.[2] *See* Fed. R. Civ. P. 56(a); *see also Burlington N. & Sante Fe Ry. Co. v. United States*, 556 U.S. 599, 610 (2009) (observing that, with regard to situations falling between (i) a transaction for the sole purpose of disposing of hazardous waste, and (ii) the sale of a new and useful product that was improperly discarded without the seller's knowledge, neither of which are at issue in this matter, the determination of "whether an entity is an arranger requires a fact-intensive inquiry that looks beyond the parties' characterization of the transaction . . . and seeks to discern whether the arrangement was one Congress intended to fall within the scope of

---

[1] Most of the cases cited by plaintiff in support of its motion for partial summary judgment regarding "operator" liability involved findings made by a trier of fact. *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440 (9th Cir. 2011) (based on the jury's answers to special interrogatories, the defendant was deemed to lack the necessary possessory interest to be liable as an "owner"); *City of Wichita v. Trustees of APCO Oil Corp. Liquidating Trust*, 306 F. Supp. 2d 1040 (D. Kan. 2003) (after an eight-week bench trial, the district court found that three of the five individual defendants were not "owners" or "operators"); *Browning-Ferris Indus. of Ill., Inc. v. Ter Maat*, 2000 WL 1716330 (N.D. Ill. Nov. 8, 2000) (having conducted a two-week bench trial, the district court concluded that the president and principal shareholder of the corporate defendants was an "operator" of the landfill at issue); *Int'l Clinical Labs. Inc. v. Stevens*, 1990 WL 43971 (E.D.N.Y. Jan. 11, 1990) (in a decision predating *Bestfoods*, the district court concluded, after a five-day bench trial, that the individual defendants were liable under CERCLA). Other cases cited by plaintiff predate *Bestfoods* and/or do not support plaintiff's position. *See New York v. Shore Realty Corp.*, 759 F.2d 1032 (2d Cir. 1985) (applying a standard that is inconsistent with *Bestfoods*); *see also Riverside Mkt. Dev. Corp. v. Int'l Bldg. Prods., Inc.*, 931 F.2d 327 (5th Cir. 1991) (holding that the plaintiffs failed to produce the requisite proof for "operator" liability, *i.e.*, evidence showing that the individual defendant participated in any conduct that violated CERCLA). The only authorities cited by plaintiff in which summary judgment was granted with respect to "operator" liability involved (i) undisputed evidence that the individual defendant was "heavily and personally involved in the construction and maintenance of" the sewer lines at issue, *United States v. Meyer*, 120 F. Supp. 2d 635, 640 (W.D. Mich. 1999), a very different procedural posture and factual scenario than in the case before the Court, or (ii) the liability of corporate defendants, not individuals, *United States v. NCR Corp.*, 2012 WL 5893489 (E.D. Wis. Nov. 23, 2012) (granting in part and denying in part the government's motion for partial summary judgment, concluding that, as to one of four corporate defendants, disputed material facts precluded a finding as a matter of law regarding "owner," "operator," or "arranger" liability). Plaintiff also relied on *Pope Res., LP v. Wash. State Dep't of Natural Res.*, 197 Wn. App. 409, 389 P.3d 699 (2016), *review granted*, 188 Wn.2d 1002, 393 P.3d 357 (2017), in which the appellate court reversed the trial court's ruling that the defendant was not an "owner" or "operator" under the MTCA. The Washington Supreme Court granted review in that matter on May 3, 2017, and the issue of whether the MTCA's definitions are broader than CERCLA's remains unresolved.

[2] The Court makes no ruling concerning whether plaintiff has adequately pleaded an "arranger" liability claim in its Amended Complaint, or whether plaintiff may pursue an "arranger" liability claim at trial.

MINUTE ORDER - 2

CERCLA's strict-liability provisions"); *City of Moses Lake v. United States*, 458 F. Supp. 2d 1198 (E.D. Wash. 2006) (granting a corporate defendant's motion for summary judgment on statute-of-limitation grounds, but observing that, for purposes of any contribution claim, whether the corporate defendant was an "operator" or "arranger" involved genuine issues of material fact).[3]

    (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of September, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[3] Plaintiff has cited no case in which summary judgment was granted and an individual defendant was deemed to be an "arranger" as a matter of law. *See United States v. Shell Oil Co.*, 294 F.3d 1045 (9th Cir. 2002) (involving the "arranger" liability of the United States and four corporate defendants); *Nu-West Mining Inc. v. United States*, 768 F. Supp. 2d 1082 (D. Idaho 2011) (concerning the liability of the United States as an "owner," "operator," and/or "arranger" of waste disposal sites adjacent to leased mines); *Basic Mgmt. Inc. v. United States*, 569 F. Supp. 2d 1106 (D. Nev. 2008) (regarding the "operator" and "arranger" liability of Atlantic Richfield Company and the "arranger" liability of the United States); *Coeur d'Alene Tribe v. Asarco Inc.*, 280 F. Supp. 2d 1094 (D. Idaho 2003) (concluding, after a 78-day trial, that the government was an "arranger" with respect to the construction of Interstate 90, for which it paid 92% of the costs, as a result of which millions of cubic yards of tailings, containing thousands of tons of lead and zinc, were used to line the roadbed and embankments).

MINUTE ORDER - 3