UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,<br><br>   Defendants/Third-Party Plaintiffs,<br><br>  v.<br><br>TOUCHSTONE SLU LLC; TB TS/RELP LLC; and DOES 1-20,<br><br>   Third-Party Defendants. | C15-1901 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff Seattle Times Company's motion for partial summary judgment regarding the nature of defendant LeatherCare, Inc.'s liability, docket no. 73, in which third-party defendants Touchstone SLU LLC and TB TS/RELP LLC have joined, docket no. 82, is DENIED. Plaintiff seeks rulings that (i) LeatherCare's liability under § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), is "joint and several," and (ii) LeatherCare's liability extends to all environmental response costs "at, under, and in the vicinity of property in the South Lake Union neighborhood of Seattle." Pla.'s Mot. at 2 (docket no. 73). Plaintiff and LeatherCare have stipulated that plaintiff is a "former owner" and that LeatherCare is a "former operator," within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a). *See* Stip. & Order at ¶¶ 3 & 4 (docket no. 41). As a result, plaintiff and LeatherCare are each a potentially responsible party ("PRP"). With respect to plaintiff's request concerning "joint and several" liability, the United States Supreme Court has

MINUTE ORDER - 1

explicitly rejected plaintiff's proposed remedy, reasoning that a PRP (like Seattle Times) cannot avoid CERCLA's contribution provision, § 113(f), which authorizes an equitable distribution of response costs among various PRPs, *see* 42 U.S.C. § 9613(f), by simply opting to pursue an action under CERCLA § 107 and asserting joint and several liability.[1] *United States v. Atl. Research Corp.*, 551 U.S. 128, 140 (2007). When, as in this case, a defendant PRP asserts a counterclaim against a plaintiff PRP, as well as cross-claims and/or third-party claims against other PRPs, the Court is faced with "effectively a contribution suit between and among potentially responsible parties," the resolution of which "necessitates the equitable apportionment[2] of costs among the liable parties, including the party that filed the § 107(a) action." *See ITT Indus., Inc. v. BorgWarner, Inc.*, 700 F. Supp. 2d 848, 888 (W.D. Mich. 2010). With regard to plaintiff's request that LeatherCare be held liable as a matter of law for all response costs, the parties have not agreed on the amount or geographic scope of remedial action costs for which they are each responsible, instead agreeing that the amount of either party's liability "is an issue to be tried in this case." Stip. & Order at ¶ 7 (docket no. 41). Thus, the extent to which

---

[1] Plaintiff has not cited any case in which a court has granted summary judgment to a plaintiff PRP and held that a defendant PRP is jointly and severally liable under CERCLA § 107(a). Rather, the two authorities on which plaintiff primarily relies involved unsuccessful motions for summary judgment. *See Raytheon Aircraft Co. v. United States*, 532 F. Supp. 2d 1306 (D. Kan. 2007) (denying the defendant's motion for summary judgment, which sought to strike the plaintiff's allegation of joint and several liability); *see also Reichhold, Inc. v. U.S. Metals Refining Co.*, 2008 WL 5046780 (D.N.J. Nov. 20, 2008) (denying both sides' motions for summary judgment). In *Raytheon*, the district court reasoned that "a plaintiff-PRP is not automatically entitled to achieve a net recovery of all of its costs," and that "[i]f the defendant-PRP shows that the plaintiff-PRP is overreaching and attempting to recover costs for which it is responsible, then the counterclaim for contribution will permit a reckoning." 532 F. Supp. 2d at 1311-12. In this matter, such "reckoning" is now set to begin on November 6, 2017. A third case, mentioned by plaintiff at the end of a string of citations, also discussed a failed motion for summary judgment. *See Halliburton Energy Servs., Inc. v. NL Indus., Inc.*, 648 F. Supp. 2d 840 (S.D. Tex. 2009). Two other opinions, included in the same string of citations, actually run contrary to plaintiff's position. *See Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230 (11th Cir. 2012) (holding that the plaintiff's exclusive remedy under § 113(f) for contribution precluded its claim under § 107(a) for cost recovery); *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112 (2d Cir. 2010) (concluding that the plaintiff could seek contribution under § 113(f), but not recovery of costs pursuant to § 107(a)). All other decisions cited in the string were issued after bench trials. *See PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161 (4th Cir. 2013); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204 (3d Cir. 2010); *Emhart Indus., Inc. v. New England Container Co.*, 130 F. Supp. 3d 534 (D.R.I. 2015); *APL Co. v. Kemira Water Solutions, Inc.*, 999 F. Supp. 2d 590 (S.D.N.Y. 2014).

[2] Plaintiff's contention that LeatherCare must be held jointly and severally liable simply because it did not plead that the harm at issue is "divisible" lacks merit. Unlike apportionment based on the divisibility of harms caused by two or more entities acting independently, a contribution analysis allocates response costs among PRPs using equitable factors, many of which are unrelated to the harm attributable to each PRP. *See Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 615 n.9 (2009); *ITT Indus.*, 700 F. Supp. 2d at 890 (citing *United States v. Twp. of Brighton*, 153 F.3d 307, 318-19 & n.15 (6th Cir. 1998) (outlining the "Gore factors," which were part of an unsuccessful amendment to CERCLA proposed by then-Representative Gore of Tennessee)). A defendant PRP need not claim "divisibility" to pursue equitable apportionment of response costs.

MINUTE ORDER - 2

LeatherCare is liable to plaintiff for reimbursement of response costs involves genuine issues of material fact that preclude summary judgment. *See* Fed. R. Civ. P. 56(a).

(2) The motion for partial summary judgment, docket no. 79, brought by defendants LeatherCare, Inc., Steven Ritt, and the marital community of Steven Ritt and Laurie Rosen-Ritt (collectively, "LeatherCare"), is also DENIED. LeatherCare's motion is aimed at the portion of plaintiff's claim under Washington's Model Toxics Control Act ("MTCA") relating to the installation and operation in 2011 of a Soil Vapor Extraction ("SVE") system, at a cost of roughly $350,000. Under the MTCA, in a private civil suit, the recovery of remedial action costs is limited to "those remedial actions that, when evaluated as a whole, are the substantial equivalent of a department-conducted or department-supervised remedial action." RCW 70.105D.080; *see* RCW 70.105D.020(5) ("department" means the Washington Department of Ecology ("DOE")). An independent remedial action, like the SVE-system use at issue, is considered the "substantial equivalent" of a remedial action conducted or supervised by DOE if it includes the following elements:

> (i) Information on the site and remedial actions conducted has been reported to the department in accordance with WAC 173-340-300, 173-340-450 and 173-340-515, as applicable;
>
> (ii) The department has not objected to the remedial action being conducted or any such objection has been cured as determined by the court;
>
> (iii) Except for emergency remedial actions, before conducting an interim action or cleanup action, reasonable steps have been taken to provide advance public notice;
>
> (iv) The remedial actions have been conducted substantially equivalent[ly] with the technical standards and evaluation criteria described in subsection (4) of this section; and
>
> (v) For facilities where hazardous substances have been disposed of as part of the remedial action, documentation is available indicating where these substances were disposed of and that this disposal was in compliance with applicable state and federal laws. It is not the intent of this provision to require extensive documentation. For example, if the remedial action results in solid wastes being transported offsite for disposal, it would be sufficient to have records indicating the wastes have been disposed of at a permitted solid waste or hazardous waste landfill.

WAC 173-340-545(2)(c)(i)-(v). The above elements provide only "guidance" to private parties; they are not absolute requirements, and the Court's inquiry must focus on the cleanup's "overall effectiveness." *Taliesen Corp. v. Razore Land Co.*, 135 Wn. App. 106, 120, 144 P.3d 1185 (2006). LeatherCare contends that plaintiff is not entitled to pursue contribution under RCW 70.105D.080 for the costs associated with the SVE

MINUTE ORDER - 3

system because plaintiff did not provide LeatherCare the prior notice required by the above-quoted regulation. Whether reasonable steps were taken to provide advance public notice, however, is only one of many factors to be considered by the trier of fact in determining whether an independent remedial action is the "substantial equivalent" of a DOE conducted or supervised remedial action. Plaintiff does not dispute that advance notice was not given to LeatherCare, but asserts that it did not know until more recently that LeatherCare was a potentially liable party ("PLP") as defined by the MTCA. *See* RCW 70.105D.020(26). What plaintiff knew or should have known in 2011, as well as whether the employment of an SVE system was "substantially equivalent" to a DOE conducted or supervised remedial action, involves factual questions that preclude summary judgment. *See* Fed. R. Civ. P. 56(a).

(3) By noon on Wednesday, October 11, 2017, each side shall file a brief, not to exceed five (5) pages in length, concerning which issues, if any, must be tried to a jury and which issues must be decided by the Court. Counsel shall be prepared to address at the status hearing on October 12, 2017, whether and to what extent a jury trial or bench trial is appropriate in this matter, as well as whether the parties will be prepared to proceed to trial as scheduled, how many days they anticipate trial will require, and any other issues that might impact the trial date.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of October, 2017.

                                                      William M. McCool
                                                      Clerk

                                                      s/Karen Dews
                                                      Deputy Clerk

MINUTE ORDER - 4