UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE TIMES COMPANY,

       Plaintiff,

  vs.

LEATHERCARE, INC., STEVEN RITT, an
individual, and the marital community composed of
STEVEN RITT and LAURIE ROSEN-RITT,

      Defendants and Third Party
      Plaintiffs,

  vs.

TOUCHSTONE SLU LLC, a Washington limited
liability company; and TB TS/RELP LLC, a
Washington limited liability company,

      Third Party Defendants.

Case No.: 2:15-cv-01901-TSZ

PRETRIAL ORDER

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

## JURISDICTION

This Court has subject matter jurisdiction over claims arising under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 9613(b). This Court also has jurisdiction over claims asserted under the Washington Model Toxics Control Act, RCW 70.105D.080 ("MTCA"), and claims asserted under the Environmental Remediation and Indemnity Agreement ("ERIA") under 28 U.S.C. § 1367 (supplemental jurisdiction).

## CLAIMS AND DEFENSES (Seattle Times)

Plaintiff, Seattle Times Company ("Seattle Times" or "Times") will pursue at trial the following claims and defenses:

1.      Defendants LeatherCare, Inc. ("LeatherCare"), Steven Ritt, and the marital community composed of Steven Ritt and Laurie Rosen-Ritt ("Mr. Ritt") (collectively, "LeatherCare Defendants") are jointly and severally liable to the Times under CERCLA for all response costs incurred and declaratory relief related to hazardous substances released at and migrating from real property located on the city block bounded by Fairview Avenue North, Thomas Street, Boren Avenue North, and Harrison Street in Seattle, Washington (the "Property").

2.      Defendants LeatherCare and Mr. Ritt are liable to the Times under the MTCA for all remedial action costs incurred and declaratory relief related to hazardous substances released at and migrating from the Property.

3.      As the prevailing party under MTCA, the Times is entitled to recover its reasonable attorney fees and costs from LeatherCare and Mr. Ritt under RCW 70.105D.080.

4.      The Times is not liable to Touchstone under the Environmental Remediation and Indemnity Agreement dated December 17, 2010 and as amended on June 10, 2011 ("ERIA"). Touchstone has not incurred unreimbursed "Incremental Costs" or "third-party claims for Contaminated Soils or Contaminated Groundwater off of the Property."

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

1    5.    The Times is entitled to recover its reasonable attorneys' fees and costs from

2    Touchstone as the substantially prevailing party under the ERIA.

3    6.    As to LeatherCare's counterclaims and Touchstone's cross-claim, the Times does

4    not intend to advance any affirmative defenses at trial other than to reserve its assertions that to

5    the extent the Times is liable for any response costs, and such liability is several, all such costs

6    are subject to equitable allocation under CERCLA and MTCA.

**CLAIMS AND DEFENSES (LEATHERCARE)**

8    LeatherCare Defendants intend to advance at trial the following affirmative defenses,

9    counterclaims against the Seattle Times, and third-party claims against Touchstone SLU LLC

10   and TB TS/RELP LLC (collectively, "Touchstone").

11   **Affirmative defense**:

12   1.    Failure to provide notice.

13   **Counterclaims**:

14   1.    Declaratory Judgment under CERCLA § 113(f) and RCW 70.105D.080 declaring

15   that Seattle Times is responsible for the allocable share, in contribution or through other

16   application of equitable factors, for the current owner and developer of the site as referenced in

17   Plaintiff's Complaint, Touchstone SLU, LLC ("Touchstone").

18   2.    Declaratory Judgment under CERCLA § 113(f) and MTCA RCW 70.105D.080

19   that Seattle Times is an "operator" as that term is defined.

20   3.    If LeatherCare is found to be liable for any portion of the "response costs" as that

21   term is defined under 42 USC § 9601(25) claimed, or "remedial action costs" claimed under

22   RCW 70.105D.080, or other costs claimed by the Seattle Times, or Touchstone then LeatherCare

23   is entitled to contribution from Seattle Times as a potentially responsible party and potentially

24   liable party under CERCLA § 113(f) and RCW 70.105D.080.

25   4.    Declaratory Judgment under CERCLA and MTCA that Seattle Times is

26   responsible, in contribution or through other application of equitable factors, for the allocable

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

share of the previous owners and operators of the site, which may have included but not necessarily be limited to Troy Linen and Uniforms Services, Inc. and/or Troy Linen and Uniform, Inc., the party that Seattle Times previously released in connection with any and all environmental claims, including but not limited to future and unknown claims at the site.

5. If a prevailing party under MTCA, LeatherCare is entitled to recover its reasonable attorney fees and other costs from the Seattle Times under RCW 70.105D.080, and for offset, or other such adjustment where more than one party to the action prevails on their contribution or declaratory judgment claims.

**Third Party Claims**:

1. If LeatherCare is found to be liable for any portion of the "response costs" claimed as that term is defined under 42 USC § 9601(25), "remedial action" costs claimed, or other costs claimed by Touchstone or the Seattle Times, then LeatherCare is entitled to contribution from Touchstone as a potentially responsible party and potentially liable party under CERCLA § 113(f) and RCW 70.105D.080. .

2. If a prevailing party under MTCA, LeatherCare is entitled to recover its reasonable attorney fees and other costs from Touchstone under RCW 70.105D.080, and for offset, or other such adjustment where more than one party to the action prevails on their contribution or declaratory judgment claims.


**CLAIMS AND DEFENSES (TOUCHSTONE)**

Third-party Defendant, Touchstone, intends to advance at trial the following affirmative defenses, counterclaims against the LeatherCare Defendants, and cross-claim against the Seattle Times.

1. Touchstone does not intend to advance any affirmative defenses at trial, except for the following: (a) to the extent that Touchstone may be liable to LeatherCare for any damages, Plaintiff owes a duty of indemnification for those damages pursuant to a written

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

contract, either in part or in whole; (b) to the extent Touchstone is liable for any remedial action costs, Touchstone is entitled to cost-recovery and/or contribution from LeatherCare; and (c) any recovery by LeatherCare against Touchstone, if any, must be offset by an amount reflecting the appropriate allocation of liability to LeatherCare.

2. Seattle Times is liable to Touchstone under the ERIA. The ERIA requires payment by the Seattle Times to Touchstone for: (a) Incremental Costs incurred by Touchstone in the transport and disposal of Contaminated Soils from the Troy Laundry Property; and (b) costs and expenses incurred by Touchstone for claims asserted by third parties (including the Washington Department of Ecology) arising out of or associated with contaminated soils or contaminated groundwater that has or may have migrated off of the Property and onto, about, or under adjacent property(ies).

3. Touchstone is entitled to recovery of its reasonable attorneys' fees and costs from Seattle Times as the substantially prevailing party under the ERIA.

4. LeatherCare is liable to Touchstone: (a) under CERCLA for all incurred environmental response costs related to hazardous substances released on, beneath, and from the Troy Laundry Property; and (b) under MTCA for all incurred remedial action costs related to hazardous substances released on, beneath, and from the Property.

5. Touchstone is entitled to recover attorneys' fees and costs from LeatherCare: (a) incurred as part of performance of environmental response actions and as part of negotiations with government agencies under CERCLA, 42 U.S.C. § 9601(25); (b) reasonable attorneys' fees and costs incurred as part of performance of remedial activities under MTCA, RCW 70.105D.080; and (c) reasonable attorneys' fees and costs as the prevailing party in a private right of action under the MTCA, RCW 70.105D.080.

## STIPULATION REGARDING ATTORNEYS' FEES AND COSTS

The Seattle Times, the LeatherCare Defendants, and Touchstone each stipulate that the question of the amount of reasonable attorneys' fees and costs to be awarded to the prevailing

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

party or parties under CERCLA, MTCA, and/or the ERIA is to be bifurcated from the remaining issues for trial and will be addressed in post-trial proceedings.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. This case concerns hazardous substances released on real property located on the city block bounded by Fairview Avenue North, Thomas Street, Boren Avenue North, and Harrison Street in Seattle, Washington (the "Property").

2. The site at issue in this case, commonly known as the Troy Laundry Site ("Site"), includes the Property and any areas adjacent to the Property where hazardous substances originating on and from the Property have come to be located.

3. Historical operations released PCE and petroleum hydrocarbons into the subsurface soils and groundwater on and beneath the Property.

4. The Seattle Times is a Delaware company with its principal place of business in Seattle, Washington. The Seattle Times has been a newspaper company since 1895. The Times purchased the Property in March 1985 and sold it in June 2011.

5. LeatherCare is a Washington company with its principal place of business in Seattle, Washington.

6. Steven Ritt and Laurie Rosen-Ritt are individuals who reside in King County, Washington and collectively referred to as "Mr. Ritt." All acts of Steven Ritt and Laurie Rosen-Ritt herein were performed for the benefit of their marital community.

7. Touchstone SLU LLC is a Washington limited liability company with its principal place of business in Seattle, Washington. TB TS/RELP LLC is a Washington limited liability company with its principal place of business in Seattle, Washington. Touchstone SLU LLC purchased the Property on June 10,

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

2011. TB TS/RELP LLC is the current owner of the Property. Touchstone SLU LLC is a member of TB TS/RELP LLC. Touchstone SLU LLC and TB TS/RELP LLC are collectively referred to as "Touchstone."

8.    Troy Laundry Co., later changing its name to Troy Linen and Uniform Service, Inc. ("Troy") owned the Property from 1926 to March 1985. On March 1, 1985, American Linen Supply Co., a Washington corporation, d/b/a Maryatt Industries, acquired all of the issued and outstanding stock of Troy such that Troy became a wholly owned subsidiary corporation of American Linen. On March 5, 1985, Troy sold the Property to the Seattle Times. Troy is a dissolved corporation. It was dissolved on March 14, 1986.

9.    Troy Laundry operated an industrial laundry on the Property from approximately 1927 to March 1985 and dry-cleaning operations on the Property from 1965 to March 1985.  Troy also fueled and serviced trucks at the Property.

10.    In 1957, Seattle Fur Services, a sole proprietorship that was a predecessor to LeatherCare, began leasing a portion of the Property known as the "Fur Vault Building" from Troy.

11.    LeatherCare was incorporated in April 1960 and operated at the Property as a tenant of Troy. LeatherCare's operations included dry cleaning (beginning in 1965) and garment care. LeatherCare's operations at the Property continued under multiple business names until mid to late July, 1985, when LeatherCare moved its dry cleaning operations to a different facility.

12.    When LeatherCare operated at the Property, the Property contained: (a) the original "Troy Laundry Building," constructed in 1926-27 (and added onto by Troy in 1946), on the northwest corner of Thomas Street and Fairview Avenue North; (b) an addition built by Troy in 1964 ("1964 Addition"), also known as the "Garage Addition," located at the northeast corner of Thomas Street and Boren

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Avenue North; (c) the Fur Vault Building immediately north of the 1964 Addition; (d) a loading dock area in the center of the Property to the north of the 1964 Addition and east of the Fur Vault Building; (e) a vegetated area on a slope northwest of the loading dock and between two parking areas; the David Smith building, across a parking lot, north of the Fur Vault Building, and (f) the "Mokas Building," located north of the Troy Laundry Building.

13. At least three separate sewer lines installed beneath the Property sometime between 1946 and 1966 discharged industrial and sanitary wastewater to the municipal sewer mains. The sewer lines conveyed wastewater to the municipal sewer mains from: (a) the Troy Laundry Building and Mokas building to Harrison Street to the north; (b) the Troy Laundry Building to Boren Avenue North to the west; and (c) from the 1964 Addition to Boren Avenue North to the west. The sewer system that discharged wastewater from the 1964 Addition to the municipal sewer main in Boren Avenue North conveyed: surface wastewater from floor drains in the 1964 Addition; wastewater from dry cleaning machines operated in the 1964 Addition; and sanitary wastewater from bathrooms in the 1964 Addition.

14. Beginning in 1965, after the 1964 Garage Addition was complete, Troy operated an industrial drycleaning service and an industrial laundry on the Property.

15. LeatherCare conducted dry cleaning at the Property from 1965 to 1979, using excess capacity of Troy's Stoddard solvent equipment located in the 1964 Addition. LeatherCare's lease allowed it the non-exclusive use of some of Troy's Stoddard Solvent drycleaning equipment and the exclusive use of a finishing area in the 1964 Addition.

16. Dry cleaning solvents, heating oil, and gasoline products were used or stored by Troy Laundry in at least 18 underground storage tanks ("USTs") at the Property.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

17. Troy's industrial laundry operations utilized approximately 150,000 gallons of water per day, which it drew from an on-site well. Troy's laundry operations included linens, such as napkins and table clothes for businesses like hotels and restaurants and industrial clients.

18. In August 1979, LeatherCare purchased new dry cleaning equipment and installed this equipment in the 1964 Addition near the loading dock. LeatherCare's dry cleaning system consisted of the following equipment: two Marvel washing machines, five Hoyt Model RM-145 Solv-O-Misers reclaimers, a Hoyt Model 12A Sniff-O-Miser sniffer, and a still. LeatherCare used this equipment at the Property from August 1979 to mid to late July- 1985. In 1980, LeatherCare purchased one more Hoyt reclaimer. All of this equipment used or purified perchloroethylene ("PCE").

19. LeatherCare discharged separator water from the Hoyt Solv-O-Miser reclaimers, the still, and the Hoyt Sniff-O-Miser sniffer to the sewer that discharged to the municipal sewer main in Boren Avenue North. LeatherCare plumbed the discharge from the separator in the Sniff-O-Miser through a pipe to a floor drain. Separator water from the Solv-O-Misers was collected at the water separator outlet in buckets. The accumulated water in the buckets was periodically emptied, discharging the water to the sewer at a floor drain.

20. The PCE-based dry cleaning equipment that LeatherCare used at the Property was designed to discharge wastewater containing PCE to the sewer. The Hoyt sniffer equipment manual advised the "water coming from the separator is waste water. This should be piped to open sewer system as there will be in excess of 12 gallons of water from one operation."

21. LeatherCare's operation of the still generated waste known as "still bottoms," otherwise known as "muck," and the closed piping system generated used filter

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

1  cartridges. The still bottoms and filter cartridges contained PCE after use.
2  LeatherCare drained the filters and placed them into the dryers/reclaimers to
3  recover solvent before it disposed the filters.

22.  As a part of LeatherCare's lease, Troy provided garbage and utility services to its
tenant. From approximately 1979 to at least 1982, LeatherCare disposed of used
still bottoms and filters into the back of a dump truck owned by Troy located in
the loading dock area of the Property. The dump truck was at times uncovered
and it is inferred that it leaked solvent-containing liquid onto the ground, likely
via rainwater passing through the truck. The ground beneath the dump truck was
partially paved and partially unpaved, allowing the solvent-containing liquid to
infiltrate the underlying soil. The paved material included asphalt and Portland
cement concrete. Troy provided the dump truck for use as a waste receptacle and
drove it to the transfer station for landfill disposal as needed.

23.  Troy also disposed of waste in the same dump truck.

24.  During the August 1979 to July 31, 1985, time period, Mr. Ritt was the president
of LeatherCare. During this time, Mr. Ritt managed the day-to-day business
operations at LeatherCare. Mr. Ritt researched, selected, and ordered the dry
cleaning equipment that LeatherCare used at the Property between August 1979
and July 1985.

25.  During the August 1979 to July 31, 1985, time period, Mr. Ritt participated in the
installation of that equipment. Mr. Ritt ordered PCE and parts for the dry cleaning
equipment, provided training for operating the equipment, and at times operated
the dry cleaning equipment.

26.  The Times purchased the Property from Troy on March 5, 1985 for $3,500,000.
The Times assumed the LeatherCare lease as lessor. LeatherCare prepared to

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

move its dry cleaning operation to a new facility, on Elliott Avenue, and completed its move by July 31, 1985.

27.     Troy began winding up its operations on the Property shortly after closing the sale of the Property to the Times.

28.     Upon taking title to the Property, the Times inspected the Property to identify the Troy equipment and materials that remained, and began working with Charles Maryatt (acting on behalf of Seattle Times' Seller, Troy), to ensure that this equipment was removed. During this process, the Times identified equipment and tanks containing used Stoddard Solvent and other materials that Troy left on the Property. Specifically, the Times found four underground solvent tanks used in Troy's laundry operations, two standing settling tanks and a still containing waste solvent, disconnected pipes that had formerly connected cleaning equipment. The Times also found drainage channels containing dangerous waste residue, two concrete pits containing waste water, an abandoned sump containing a dangerous waste, a fiberglass recycled water tank containing thousands of gallons of contaminated water, a laundry machine, three sealed underground fuel oil tanks, one sealed underground gasoline tank, and various other 55-gallon drums and containers of materials. The Times decommissioned the tanks and worked with the Washington Department of Ecology ("Ecology") on a Closure Plan for the Property.

29.     In a December 26, 1985, letter to Ecology, the Times' lawyer, Mr. Jeff Belfiglio, attached a draft "Closure Plan." The Closure Plan stated, among other things, that cleanup requirements would "be met by removing all waste and waste residues from the solvent tanks." The Times also agreed to either remove the tanks or fill them with sand, eliminating a need for future maintenance. The Times also further agreed to seal an existing water well on the Property. Finally, the Times agreed to

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

inspect drainage channels and the sump to ensure no postclosure escape or leaching of waste. The Times emptied and pressure-tested the tanks and sump area and detected no leaks. In an April 17, 1986, letter to Ecology, the Times explained that it had thoroughly inspected wastes left in tanks, removed product, wastewater, and sludge, and tested the tanks and a sump to ensure that the equipment did not leak. In a June 25, 1986 letter, Ecology deemed the Times' "closure of the Troy Laundry facilities to be satisfactory for [Ecology's] purposes" but reminded the Times of its "previous comment, that if any contamination is found during subsequent activities at that facility, contaminated materials will have to be removed and disposed of in an appropriate manner."The Times sued, in both Federal and State Court, Troy, Maryatt, and Charles R. Maryatt, Tim K. Rich, and David E. Maryatt as trustees for creditors of Troy to recover an estimated $100,000 in costs that the Times incurred in the process of dealing with the tanks and Ecology regarding the Property. In 1987, the Times settled its suits.

30. The Times initially purchased the Property with the intention of expanding its newspaper printing operations. However, these plans did not materialize and the Times instead used the Property for parking and storage of furniture, newspaper racks, and other miscellaneous materials, and repair of newspaper sales racks.

31. In 1994, the Times commissioned RETEC, an environmental consulting company to inspect the property. RETEC collected a groundwater sample from the water supply well located inside the original Troy Laundry building. The sample exceeded the then applicable MTCA Method A limit for hydrocarbons. RETEC thought the result might be an anomaly. The Times did not re-test.

32. The Times sold the Property to Touchstone SLU LLC ("Touchstone") on June 10, 2011, for $18,400,000.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

33.     In 2010, in conjunction with Touchstone's due diligence prior to purchase of the Property, SoundEarth Strategies Inc. ("SES") (previously known as Sound Environmental Strategies), conducted a Phase I Environmental Site Assessment ("Phase I"), a Ground Penetrating Radar ("GPR") survey, and a Soil Vapor Survey. Based on the results from this work, SES performed a Phase II Environmental Site Assessment ("Phase II"), while AECOM (the Times' consultant) completed a separate Subsurface Investigation on the Property. In 2011, after Touchstone's purchase of the Property, SES completed a Supplemental Subsurface Investigation. The investigations identified concentrations of PCE, total petroleum hydrocarbons (including Stoddard Solvent), and other hazardous substances above the regulatory cleanup and/or screening levels in the soil, groundwater, and soil vapor on and beneath the Property, as well as on and beneath adjacent rights of way.

34.     The highest concentrations of PCE in soil on and beneath the Property were located beneath the former loading dock located at the northwest central portion of the Property.

35.     On the basis of the information in these subsurface investigations, the Times implemented a soil vapor extraction system ("SVE") in 2011-12 in order to reduce the volume of PCE in subsurface soils on the Property. The SVE system operated in 2011-12 and removed 327 pounds of PCE from the soil vapor. AECOM decommissioned the system in January 2012. No notice was provided to LeatherCare or Ritt, and they first learned about the SVE system after August 2015.

36.     In May 2012, Touchstone and Ecology entered into Agreed Order No. 8996. The Agreed Order required Touchstone to conduct a Remedial Investigation and a Feasibility Study ("RI/FS") at the Troy Laundry Site, defined as the area

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

"generally located at 307 Fairview Avenue North Seattle, Washington" and as "the extent of contamination caused by the release of hazardous substances at the Site." Under the Agreed Order, Ecology required the RI/FS to delineate the nature and extent of contamination sufficiently to evaluate and select an appropriate cleanup action under the applicable regulations.

37. Concentrations of PCE, trichloroethylene, and petroleum hydrocarbons (gasoline, diesel, and oil-range) above regulatory cleanup levels were detected in soil, at varying depths, from the surface to approximately 70 feet bgs, in places, on the north, south, and western portions of the Property.

38. On August 9, 2012, SES submitted to Ecology a draft Feasibility Study which proposed cleanup options for the Property. The remedial alternative proposed was "Excavation and Land Disposal of Soil with In Situ Reductive Dechlorination of Groundwater."

39. In late 2012, SES performed a supplemental investigation to further delineate groundwater contamination adjacent to, and off of, the Property.

40. The 2012 supplemental investigation was not sufficient to delineate the full nature and extent of contamination associated with the Property. Ecology and Touchstone therefore agreed to conduct the remedy (excavation and land disposal of soil with in-situ reductive dechlorination of groundwater) as an interim remedial action.

41. On August 28, 2013, Touchstone and Ecology entered into the First Amendment to Agreed Order No. 8996. As part of the First Amendment to the Agreed Order, SES prepared an August 21, 2013 Interim Action Work Plan and a February 13, 2014, Engineering Design Report, setting out the plans for the interim remedial action. Ecology approved the proposal on March 4, 2014, requiring Touchstone to perform the interim action as set out in a separate Interim Cleanup Action Plan.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

42.	Touchstone conducted an interim action at the Property between June 2014 and February 2015 under the First Amendment to the Agreed Order. The interim action included but was not limited to: (a) excavation and off-site disposal of soil with concentrations of PCE, petroleum hydrocarbons, and other hazardous substances both above the regulatory cleanup levels and above laboratory detection levels, but below the MTCA Method A cleanup levels; and (b) installation of an in-situ groundwater injection well network in the primary groundwater-bearing zone beneath and adjacent to the Property.

43.	The requirements for transport and disposal of soils with detectable levels of PCE and other chlorinated solvents were addressed in Contained-Out Determination Letter issued by Ecology on March 26, 2014.

44.	All contaminated soil has been removed from the Property and properly disposed at receiving facilities. The groundwater injection system has been installed, injections have occurred and may continue, and ongoing groundwater monitoring has been conducted both on and off the Property. Additional groundwater injections and monitoring will continue pursuant to the First Amendment to the Agreed Order.

45.	On January 22, 2016, SES submitted to Ecology an Interim Cleanup Action Report documenting the interim actions completed under the First Amendment to the Agreed Order. Ecology approved this report in March 2016.

46.	The RI/FS for the Property is not complete - additional work is necessary to identify and delineate the nature and extent of contamination exceeding regulatory cleanup levels in all affected media at the Troy Laundry Site, including the Property and areas off the Property where contamination may have come to be located. In particular, Ecology has required additional investigation of

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

groundwater contamination located outside the boundaries of the Property which exceeds regulatory cleanup levels.

47.     In July 2016, Touchstone's consultant drafted a Vapor Intrusion Assessment Work Plan to evaluate the potential vapor intrusion pathway at the Property and any need for further action. Ecology is currently reviewing the Work Plan, and the assessment work is anticipated to be performed in 2018.

48.     In light of the contamination associated with the Property identified during Touchstone's due diligence, the Times and Touchstone negotiated the terms under which the sale would address the costs to investigate and remediate contamination on the Property and would provide indemnity protection for contamination off of the property. These negotiations took place between October and December 2010 and culminated in a December 17, 2010 Environmental Remediation and Indemnity Agreement ("ERIA").

49.     The ERIA set forth a process for the Times to reimburse Touchstone for "Incremental Costs" of transporting and disposing "Contaminated Soils," as opposed to "Clean Soils."

50.     Between July 2014 and October 2015, Touchstone submitted eight (8) separate primary requests for reimbursement of Incremental Costs associated with the transport and disposal of Contaminated Soils, as well as three (3) separate supplemental requests for reimbursement. Touchstone provided technical data and documentation to the Seattle Times regarding the volumes, calculations, and transport and disposal costs associated with the Contaminated Soils, as well as its calculation of the Incremental Costs associated with the transport and disposal of Contaminated Soils.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

51. Touchstone submitted invoices to the Times that included the back-up invoices from Lease Crutcher Lewis ("LCL"), Touchstone's general contractor for the redevelopment of the Property.

52. Between January 2014 and September 2017, Touchstone submitted two (2) separate requests for reimbursement of costs associated with the operation and management of the groundwater treatment system on and adjacent to the Troy Laundry Property. Touchstone provided technical data and documentation to the Seattle Times regarding the costs incurred and the specific remedial activities performed.

53. To date, the Times has paid $4,783,434.17 toward the transport and disposal of Contaminated Soils that the Times and Touchstone have categorized for disposal under the ERIA. All of these costs were incurred under the processes selected in the Agreed Order and the First Amendment to the Agreed Order. The Times has not paid any additional costs to Touchstone under the ERIA.

54. Touchstone has claimed a total of $8,640,875.24 in Incremental Costs and other recoverable costs under the ERIA. Touchstone has demanded that the Times pay an additional $3,857,441.07 in costs that Touchstone claims to have incurred under the Agreed Order and First Amendment to the Agreed Order, and that Touchstone claims are recoverable under the ERIA.

55. The Times is disputing Touchstone's additional costs in the following categories: (a) $539,694.67 for installation of dechlorination wells and groundwater treatment; (b) $49,236.27 for soil delineation and regulatory compliance; (c) $47,654.94 for costs expended tracking trucks during transport and disposal of Contaminated Soils; (d) $51,588.65 for LCL Hazardous Waste Worker Training and Certification; (e) $288,653.41 for LCL Markups and Fees charged to Incremental Costs; (f) $475,875.75 for Sampling, Testing, and Field Work; and

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

1  $648,674.31 for Washington State Sales Tax charged to Incremental Costs; and

2  (h) $1,756,063.07 of additional Incremental Costs related to transport and

3  disposal of Contaminated Soils.

4  56.     The Times has incurred approximately $350,000 for the design and

5  implementation of the SVE system.

6  57.     Touchstone claims to have incurred over $1,000,000 in environmental response

7  costs and remedial action costs related to hazardous substances in soil,

8  groundwater, and soil vapor associated with the Property, which costs are separate

9  from the Incremental Costs and indemnified costs and expenses which

10  Touchstone has claimed are addressed under the ERIA.

11  58.     It is possible that additional investigation and cleanup actions may be necessary in

12  other areas at the Site outside the Property boundaries.

13  59.     The total amount of additional environmental response costs and remedial action

14  costs to be incurred by Touchstone is uncertain at this time, as the investigation

15  and remediation activities are not yet complete.

16  ## ISSUES OF LAW

17  All parties stipulate to the following conclusions of law:

18  1.     There has been a "release" or threatened release of "hazardous substances" from

19  the "facility" known as the Troy Block Property, as those terms are defined under CERCLA, 42

20  U.S.C. §9601(9), (14), (22) and MTCA, RCW 70.105D.020(8), (13), (32).

21  2.     Seattle Times is a "former owner" as defined under CERCLA, 42 U.S.C. §

22  9607(a)(2), and MTCA, RCW 70.105D.040(1)(b).

23  3.     Seattle Times has incurred "necessary costs of response" under CERCLA, 42

24  U.S.C. § 9607(a)(4)(B), and "remedial action costs" under MTCA, RCW 70.105D.080.

25  4.     LeatherCare is a "former operator" as defined under CERCLA, 42 U.S.C.

26  §9607(a)(2), and MTCA, RCW 70.105D.040(1)(b).

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

5.     Touchstone SLU LLC is a prior owner and operator of the facility. Touchstone SLU LLC entered into Agreed Order No. DE 8996 with the Washington State Department of Ecology on May 12, 2012 ("Agreed Order"). Pursuant to the Agreed Order, Touchstone SLU LLC is a Potentially Liable Person under the Model Toxics Control Act, Chapter 70.105D RCW, in connection with the Troy Laundry Site. Touchstone entered into a First Amendment to the Agreed Order on or about August 28, 2013.

6.     On March 28, 2013 Touchstone SLU LLC conveyed the Troy Block property to TB TS/RELP LLC via Special Warranty Deed.  Touchstone SLU LLC is a member of TB TS/RELP LLC.

7.     TB TS/RELP LLC is the current "owner or operator" as defined under CERCLA, 42 U.S.C. §9607(a)(1), and MTCA, RCW 70.105D.040(1)(a).

8.     Touchstone SLU LLC and TB TS/RELP LLC have incurred "necessary costs of response" under CERCLA, 42 U.S.C. §9607(a)(4)(B), and "remedial action costs" under MTCA, RCW 70.105D.080. Any response costs or remedial action costs incurred by Touchstone SLU LLC are now considered response costs or remedial action costs incurred by TB TS/RELP LLC.

9.     The elements of CERCLA and MTCA liability are hereby established for purposes of Seattle Times' complaint against LeatherCare, Inc., LeatherCare's counterclaim against Seattle Times as an owner, LeatherCare's claims against TB TS/RELP LLC, and TB TS/RELP LLC's claims against LeatherCare, Inc.


The following are the Seattle Times' proposed issues of law to be determined by the Court:

1.     What is LeatherCare's equitable share of environmental response costs under CERCLA?

2.     What is LeatherCare's equitable share of remedial action costs under MTCA, RCW 70.105D.080?

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

3. Is Mr. Ritt a "person" who "operated" a "facility" at which hazardous substances were disposed of under 42 U.S.C. § 9607(a)(2) and liable for all necessary costs of response under CERCLA Section 107(a)?

4. Is Mr. Ritt a "person" who "arranged for disposal" of hazardous substances at a "facility" under 42 U.S.C. § 9607(a)(3) and liable for all necessary costs of response under CERCLA Section 107(a)?

5. Is Mr. Ritt a "person" who "operated" a "facility" under RCW 70.105D.040(b)?

6. Is Mr. Ritt a "person" who "arranged for disposal" of hazardous substances at a facility under RCW 70.105D.040(c)?

7. If Mr. Ritt is liable under CERCLA, what is Mr. Ritt's equitable share of environmental response costs under CERCLA

8. What is Mr. Ritt's equitable share of remedial action costs under MTCA, RCW 70.105D.080?

9. Has the Times incurred necessary costs of response that are not inconsistent with the national contingency plan ("NCP") under 42 U.S.C. § 9607(a)?

10. Has the Times incurred costs conducting remedial actions that are the substantial equivalent of remedial actions led or supervised by Ecology?

11. Is the Times a prevailing party under MTCA and therefore entitled to recovery of its reasonable attorney fees and costs under RCW 70.105D.080?

12. Is the Times liable to Touchstone for any additional costs or expenses claimed by Touchstone under the ERIA?

13. Is the Times the "substantially prevailing party" regarding Touchstone's claims against the Times under the ERIA?

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

The following are LeatherCare's proposed issues of law to be determined by the Court:

1.     Is the Seattle Times a former "operator" of the facility known as the Troy Block Property under 42 U.S.C. § 9601(20) and, therefore, also liable as a former operator pursuant to 42 U.S.C. §9607(a)(2).

2.     Is the Seattle Times a former "operator" of the facility known as the Troy Block Property under RCW 70.105D.020(22) and, therefore, also liable as a former operator pursuant to RCW 70.105D.040(1)(b).

3.     What portion of the costs claimed by Seattle Times and Touchstone are recoverable "response costs" under CERCLA, 42 U.S.C. §9607(a)(4)(B).

4.     What portion of the costs claimed by Seattle Times and Touchstone are recoverable "remedial action costs" under MTCA, RCW 70.105D.080.

5.     Of the costs claimed that are "response costs", what are the Parties' equitable shares of those response costs under CERCLA, 42 U.S.C. § 9613(f)?

6.     Of the costs claimed that are "remedial action costs", what are the Parties' equitable shares of those remedial action costs under MTCA, RCW 70.105D.080?

7.     Is LeatherCare a prevailing party under MTCA and, therefore, entitled to recover its reasonable attorney fees and other costs from the Plaintiff and/or Third Party Defendant parties?

The following are Touchstone's proposed issues of law to be determined by the Court:

1.     What are the Seattle Times' obligations to Touchstone under the ERIA with regard to: (1) the reimbursement of Incremental Costs necessary to meet Soil Cleanup Criteria on and beneath the Troy Laundry Property; and (2) indemnification for costs and expenses associated with soil and groundwater contamination that has migrated or may migrate off of the Troy Laundry Property?

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

2.    What are the Seattle Times'obligations to Touchstone with respect to the Washington State Sales Tax incurred by Touchstone for the remediation of Contaminated Soils that occurred during redevelopment of the Troy Laundry Property?

3.    Is Touchstone the "substantially prevailing party" regarding its claims against the Seattle Times' under the ERIA?

4.    Has Touchstone incurred recoverable environmental response costs under CERCLA, 42 U.S.C. § 9607(a)?

5.    Has Touchstone incurred recoverable remedial action costs under MTCA, RCW 70.105D.080?

6.    What is LeatherCare's equitable share of the environmental response costs incurred by Touchstone under CERCLA?

7.    What is LeatherCare's equitable share of remedial action costs incurred by Touchstone under MTCA?

8.    Is Touchstone entitled to recovery of reasonable attorney fees and costs incurred as part of performance of remedial activities under RCW 70.105D.080?

9.    Is Touchstone a prevailing party under MTCA and therefore entitled to recovery of its reasonable attorney fees and costs under RCW 70.105D.080?

### EXPERT WITNESSES

The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify are:

**(a)    On behalf of plaintiff Seattle Times:**

1.    **Bruce Dale, Ph.D**.
2865 Hagadorn Road
Mason, MI 48854

Professor Dale is a professional chemical engineer. He will testify about processing equipment used in dry cleaning and the nature and amount of hazardous substances released to the environment from equipment formerly operated at the Property.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

2. **Peter M. Krasnoff, P.E.**
   West Environmental Services &Technology
   711 Grand Avenue
   San Rafael, CA 94901

   Mr. Krasnoff is a professional civil engineer. He will testify about the manner in which hazardous substances regulated under CERCLA and MTCA were released to the environment from former operations at the Property.

3. **Peter Jewett, L.G., L.E.G**.
   Farallon Consulting, LLC
   975 5th Avenue Northwest
   Issaquah, WA 98121

   Mr. Jewett is an engineering geologist. He will testify about the nature and extent of hazardous substances released to soil and groundwater from former operations at the Property. Mr. Jewett will testify about whether the interim actions completed at the Property were necessary and appropriate to remove hazardous substances to protect human health and the environment, and whether additional remediation of soil and/or groundwater will be necessary to clean up hazardous substances off the Property.

4. **Jeffrey Zelikson**
   Gnarus Advisors, LLC
   2479 East Bayshore Road, Suite 150
   Palo Alto, CA 94303

   Mr. Zelikson will testify about the costs that the Times incurred for response and remedial action at the Property and whether those costs were consistent with the NCP under CERCLA and/or substantially equivalent under MTCA.

5. **Richard White**
   Gnarus Advisors, LLC
   4350 N. Fairfax Drive, Suite 830
   Arlington, VA 22203

   Mr. White will testify about allocating shares of response costs incurred at the Property among potentially responsible parties and potentially liable persons under CERCLA and/or MTCA.

(b)     **On behalf of defendant/third-party plaintiff LeatherCare:**

1. **Pam Morrill, LG, LHG**
   CDM Smith
   14432 SE Eastgate Way, Suite 100

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Bellevue, WA 98007

Ms. Morrill is a licensed geologist/hydrogeologist and project manager for CDM Smith. She will testify regarding her analysis of the soil and groundwater data collected from the site and surrounding neighborhood, research concerning historical development and uses of the site, waste water discharges and sampling at the site and surrounding neighborhood, various clean-up and re-development activities conducted by Seattle Times and Touchstone and the costs claimed in connection therewith.

**(c)     On behalf of third-party defendant Touchstone:**

1.     **Dave Cook**
Aspect Consulting
401 Second Avenue South, Suite 201
Seattle, Washington 98104

Mr. Cook is a principal geologist with Aspect Consulting LLC, and is an expert witness serving on behalf of Touchstone. The opinions Mr. Cook will offer at trial are disclosed in his expert report dated April 19, 2017. In summary, Mr. Cook's opinions are that he has found the Incremental Costs incurred by Touchstone/TB TS RELP LLC and charged to Seattle Times in the following categories were reasonable and necessary, and the Incremental Costs costs were consistent with remedial action costs incurred at other similar projects involving the transport and disposal of contaminated soil in conjunction with redevelopment, which included:

1.     Transport and disposal of solvent-contaminated soil under the conditions outlines in an Ecology-issued Contained-In / Contained-Out Determination dated March 26, 2014;
2.     Performance monitoring, remedial excavation oversight, sampling, and analytical testing.

Mr. Cook's opinions are based on his 25 years of environmental consulting experience overseeing large urban environmental cleanup actions that are performed concurrent with property redevelopment. Mr. Cook's opinions focus on two key elements of determining Incremental Costs as provided for in the ERIA:

1.     The identification and segregation of contaminated soil from clean soil, the selection of the least expensive method and location for the transport and disposal of contaminated soil, and, more specifically, whether all of the contaminated solid could have been shipped to Republic Services Roosevelt landfill by rail for a lower cost than was actually achieved during the Project.
2.     The incremental environmental cost that occurs during a combined cleanup and redevelopment project, and what costs are incurred above and beyond those costs for a construction project where only clean soil is encountered.

PRETRIAL ORDER
2:15-cv-01901-TSZ                                    - 24 -

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

# OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(a)**      **On behalf of plaintiff Seattle Times:**

1.      **Alan Fisco**                        Will Testify
        The Seattle Times Company
        1000 Denny Way
        Seattle, WA 98109

        Mr. Fisco is the Chief Financial Officer for the Times. He will testify about the Times' and the Property's operational history, the Times' purchase and use of the Property, and the costs that the Times paid to Touchstone under the ERIA between Touchstone and the Times.

2.      **Jeff Belfiglio**                     Will Testify
        Davis Wright Tremaine
        777 108th Avenue N.E., Suite 2300
        Bellevue, Washington 98004

        Jeff Belfiglio is the Times' outside counsel. He may testify about the Times' cleanup action at the Property in 1985, associated lawsuits, negotiations with Ecology regarding that cleanup, and other matters related to the Property in the mid-1980s timeframe.

3.      **Campbell Mathewson**              Will Testify
        CenturyPacific, LLLP
        1201 Third Avenue, Suite 1680
        Seattle, WA 98101

        Mr. Mathewson will testify about the Times' efforts to sell the Property and the Times' sale of the Property to Touchstone.

4.      **Steven Wood**                      Will Testify
        CenturyPacific, LLLP
        1201 Third Avenue, Suite 1680
        Seattle, WA 98101

        Mr. Wood will testify about the Times' negotiation and execution of the ERIA between Touchstone and the Times.

5.      **Peter Kingston**                   Will Testify
        Farallon Consulting, LLC
        975 5th Avenue Northwest

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Issaquah, WA 98121

Mr. Kingston is SES' former project manager for Touchstone's investigation, remediation, and redevelopment of the Property. He will testify about SES' environmental investigation and remediation of the Troy site, including SES' discovery of contaminated soil and groundwater. Mr. Kingston will testify about the Agreed Order issued to Touchstone by Ecology. He will testify to facts relevant to determining consistency with the NCP under CERCLA and substantial equivalence under MTCA.

6.  **J. Riley Conkin, L.G., L.H.G**.          Will Testify
    Farallon Consulting, LLC
    975 5th Avenue Northwest
    Issaquah, WA 98121

    Mr. Conkin will testify about the Times' installation and operation of a SVE system at the Property and the costs that the Times incurred for the SVE system. He will testify about the Times' participation in Touchstone's investigation and remediation of the Property, and the costs that the Times' reimbursed Touchstone under the ERIA between Touchstone and the Times. He will testify to facts relevant to determining consistency with the NCP under CERCLA and substantial equivalence under MTCA.

7.  **Steven Ritt**                    Proposed Testimony via Deposition Excerpts
    LeatherCare, Inc.
    901 Elliott Avenue West
    Seattle, WA 98119

    Mr. Ritt is LeatherCare's President. He will testify about LeatherCare's business history and operations at the Property, including LeatherCare's use of drycleaning equipment and disposal of wastes from its operations at the Property.

8.  **Martin Brown**                   Proposed Testimony via Deposition Excerpts
    LeatherCare, Inc.
    901 Elliott Avenue West
    Seattle, WA 98119

    Mr. Brown is a current LeatherCare employee. He will testify about his employment with LeatherCare during the time LeatherCare operated at the Property.

9.  **Thelma Spillers**                Proposed Testimony via Deposition Excerpts
    10729 17th Ave. S.W.
    Seattle, WA 98146

    Ms. Spillers is a former LeatherCare employee. She will testify about her employment with LeatherCare during the time LeatherCare operated at the Property.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

10. **Larry Rowley**                    Proposed Testimony via Deposition Excerpts
    22505 40th Place W.
    Mountlake Terrace, WA 98043

    Mr. Rowley is a former LeatherCare employee. He will testify about his employment
    with LeatherCare during the time LeatherCare operated at the Property.

    The plaintiff has presently not identified any witnesses who will be called to testify if
necessary to establish authenticity and admissibility of certain records.

    The following witnesses are plaintiff's "possible witnesses only":

11. **Frank Blethen**                   Proposed Rebuttal via Deposition Transcripts
    The Seattle Times Company
    1000 Denny Way
    Seattle, WA 98109

    Mr. Blethen is the Times' Publisher. He may testify about the Times' history and
    purchase and use of the Property. The Times offers portions of his testimony in rebuttal
    to excerpts designated by LeatherCare, largely illustrating his lack of recollection and
    lack of knowledge regarding topics on which LeatherCare offers his testimony.

12. **David Clemens**                   May Testify in Rebuttal
    The Seattle Times Company
    19200 Denny Way
    Seattle, WA 98109

    Mr. Clemens is a Times employee. He may testify about the Times' former operations at
    1120 John Street.

13. **Maura O'Brien**                   Proposed Rebuttal via Deposition Excerpts
    Washington State
    Department of Ecology (former business address)
    3190 160th Ave. S.E.
    Bellevue, WA 98008

    Ms. O'Brien is the former Ecology Site Manager for the Troy Laundry Site. She may
    testify about Ecology's role in hazardous waste cleanup at the site.

14. **Sunny Becker**                    Proposed Rebuttal via Deposition Excerpts
    Washington State

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Department of Ecology
3190 160th Avenue SE
Bellevue, WA 98008

Ms. Becker is the current Ecology Site Manager for the Troy Laundry Site. She may testify about Ecology's role in hazardous waste cleanup at the site.

15. **Robert W. Warren, P.Hg., MBA**    Proposed Rebuttal via Deposition Excerpts
Section Manager, Toxics Cleanup Program
Washington State Department of Ecology
3190 160th Ave. S.E.
Bellevue, WA 98008-5452

Mr. Warren manages Ecology's Toxics Cleanup Program for the Northwest Region, which includes the Troy Laundry Site. He may testify about Ecology's role in hazardous waste cleanup at the site.

16. **Shannon Testa**                    May Testify in Rebuttal
Lease Crutcher Lewis
2200 Western Ave #500
Seattle, WA 98121

Ms. Testa is Lease Crutcher Lewis's project manager for Touchstone's redevelopment of the Property. She may testify about Touchstone's investigation, remediation, and redevelopment of the Property.

17. **Thomas Cusack**                Proposed Rebuttal via Deposition Excerpts
Washington State Department
of Ecology
300 Desmond Drive SE
Lacey, WA 98503

Mr. Cusack is employed by Ecology. He may testify about Ecology's management of hazardous waste disposal, and in rebuttal to any assertions made by LeatherCare's experts in purported reliance on, or by reference to, his knowledge or alleged statements.

18. **H. Mason Sizemore**         Proposed Rebuttal via Deposition Transcripts
2054 NW Blue Ridge Dr.
Seattle, WA 98177

Mr. Sizemore held several positions at the Times during his 36 years of employment, including copy editor, copy desk chief, assistant managing editor for news, managing editor, production director, assistant general manager, general manager and vice-president. The Times offers portions of his deposition testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

knowledge about topics on which LeatherCare offers his testimony. His testimony includes a clarifying declaration, filed with the Court on July 25, 2016, that must be read in conjunction with any deposition excerpts designated by any party in this case.

19. **Robert Hallowell**          Proposed Rebuttal via Deposition Transcripts
11225 SW Corbin Beach Rd.
Vashon, WA 98070

Mr. Hallowell was a controller, vice president, and chief financial officer for the Times. The Times offers portions of his testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of knowledge regarding topics on which LeatherCare offers his testimony.

20. **Andrew Faas**          Proposed Rebuttal via Deposition Transcripts
130 – 140th Pl NE
Bellevue, WA 98007

Mr. Faas was a controller, vice president of finance, and vice president of finance and administration for the Times. The Times offers portions of his testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of knowledge regarding topics on which LeatherCare offers his testimony.

21. **Eric Rosebrock**          Proposed rebuttal via deposition transcripts
710 216th Ave NE
Sammamish, WA 98074-3924

Mr. Rosebrock is a former Times employee. His roles have included facilities manager, machine shop manager, electric shop manager, production support manager, and facility operations manager. The Times offers portions of his testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of knowledge regarding topics on which LeatherCare offers his testimony.

22. **Elizabeth Sander**          Proposed rebuttal via deposition transcripts
The Seattle Times Company
1000 Denny Way
Seattle, WA 98109

Ms. Sander is a current Times employee. Her position is treasury risk-management specialist. Over the thirty years she has been at the Times, she has had many other positions, including accounts payable. The Times offers portions of her testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating her lack of recollection and lack of knowledge regarding topics on which LeatherCare offers her testimony.

23. **Douglas Ranes**          Proposed rebuttal via deposition transcripts
34327 N 61st Pl

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Scottsdale, AZ 85266-7351

Mr. Ranes is a former Times employee. His roles included building services manager, plant manager, and product manager. The Times offers portions of his testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of knowledge regarding topics on which LeatherCare offers his testimony.

24. **Frank Paiva**                     Proposed rebuttal via deposition transcripts
2674 Chesapeake Drive
Eugene, OR, 97408

Mr. Paiva is a former Times employee. His roles included production manager, operations director, and vice president of operations. The Times offers portions of his testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating his lack of recollection and lack of knowledge regarding topics on which LeatherCare offers his testimony.

25. **Carolyn Kelly**                     Proposed rebuttal via deposition transcripts
3624 10th Avenue West
Seattle, WA 98119-1413

Ms. Kelly is a former Times employee. Her positions included CFO, general manager, and president. The Times offers portions of her testimony in rebuttal to excerpts designated by LeatherCare, largely illustrating her lack of recollection and lack of knowledge regarding topics on which LeatherCare offers her testimony.

26. **Nathaniel T. Brown**                     Proposed rebuttal via deposition transcripts
5546 179th Avenue Southeast
Bellevue, WA 98006-5930

Mr. Brown was a senior vice-president of finance for the Times. He may testify regarding the Times' operational history.

27. **Douglas Howe**                     Proposed Rebuttal via Deposition Transcripts
Touchstone
2025 First Avenue, Suite 1212
Seattle, Washington 98121

Mr. Howe is a former principal at Touchstone. He may testify about the ERIA and its formation as well as the purchase of the Troy Laundry Property and Touchstone's redevelopment plans and efforts. He may testify about the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to investigate and remediate the Troy Laundry Property, the invoices Touchstone submitted to the Times for reimbursement under the ERIA, and the additional remedial activities that will need to be performed on and adjacent to the Troy Laundry Property.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

28. **Paul Klansnic**                         May Testify in Rebuttal
    Touchstone
    2025 First Avenue, Suite 1212
    Seattle, Washington 98121

    Mr. Klansnic is a Senior Project Manager at Touchstone. He will testify about the costs Touchstone incurred to investigate and remediate the Property and the invoices Touchstone submitted to the Times for reimbursement under the ERIA between Touchstone and the Times.

**(b)    On behalf of defendant/third-party plaintiff LeatherCare:**

1.  **Steven Ritt**                         Will Testify [by deposition if necessary for
    President, LeatherCare                  health reasons]
    901 Elliott Ave. West
    Seattle, WA 98119

    Mr. Ritt is the President of LeatherCare. He will testify regarding all aspects of this case in connection with LeatherCare's business and operations, Troy's operations of which he has knowledge, the leasing relationship between LeatherCare and Troy, the services provided to LeatherCare by Troy, the leasing relationship between LeatherCare and Seattle Times and his knowledge of the Troy Block property.

2.  **Mark Chose**                          Will Testify [or by deposition if unable to
    1401 N Springbrook Rd Apt 129           testify]
    Newberg, OR 97132

    Mr. Chose is a former operating engineer and head mechanic for Troy Laundry. He will testify regarding his over 10 years of employment with Troy laundry, his knowledge of Troy's operations, its equipment, Stoddard drycleaning, spotting area, industrial laundry, truck service and fueling operations, Troy's truck fleet, Troy's garbage disposal service and waste handling practices, his knowledge of the Troy Block property, the sewer lines, catch basins, detention vaults, underground storage tanks and other infrastructure, Troy's tenants on the property and other similar relevant items.

3.  **Jack Ross**                           Will Testify [or by deposition if unable to Testify]
    15408 20th Pl. W.
    Lynnwood WA 98087

    Mr. Ross is the former chief engineer for Troy Laundry. He will testify regarding his approximately 20 years of employment with Troy Laundry, his knowledge of Troy's operations, its equipment, the locations of the various lines of business including PCE drycleaning, Stoddard drycleaning, industrial laundry and truck service and fueling, among other items, Troy's garbage disposal service and waste handling practices, his

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

knowledge of the Troy Block property the sewer lines, catch basins, detention vaults, underground storage tanks and other infrastructure, Troy's tenants on the property and other similar relevant items.

4.  **Campbell Mathewson**                Will Testify
    Century Pacific, LLLP
    1201 Third Avenue, Suite 1680
    Seattle, WA 98101

    Mr. Mathewson is a real estate broker for the Seattle Times. He will testify about the Times' real estate marketing and sale efforts in connection with the Troy Block property as well as the purchase and sale agreement, its amendments and the Environmental Remediation and Indemnity Agreement between Touchstone and the Times.

5.  **Pete Kingston**                Will Testify
    Farallon Consulting, LLC
    975 5th Ave Northwest
    Issaquah, WA 98121

    Mr. Kingston is SES' former project manager and was designated by Touchstone as its 30(b)(6) representative with knowledge of the investigation, remediation and re-development activity conducted by Touchstone at the Troy Block. He will testify to those matters including SES' investigation of the Troy Block, its engagement with Ecology, its entry into an Agreed Order, its interactions with Seattle Times representatives, and Touchstone's planning for and excavation of the site as well as post excavation sampling, groundwater treatment, and interface with Ecology.

6.  **Riley Conkin, L.G., L.H.G**.                Will Testify
    Farallon Consulting, LLC
    975 5th Ave Northwest
    Issaquah, WA 98121

    Mr. Conkin was designated by Seattle Times as a 30(b)(6) representative. He will testify regarding the investigation, remediation and re-development activity conducted by Touchstone and the Seattle Times at the Troy Block, interface with Ecology and related matters.

7.  **Shannon Testa**                Will Testify
    Lease Crutcher Lewis
    2200 Western Ave #500
    Seattle, WA 98121

    Ms. Testa is the Lease Crutcher Lewis project manager for Touchstone's redevelopment of the Troy Block. She will testify regarding the organization, timing and conduct of the excavation at the site, costs incurred and billed to Touchstone in connection with the

PRETRIAL ORDER
2:15-cv-01901-TSZ                - 32 -

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

excavation and hazardous substances, collaboration with SES during the work and the demolition and excavation subcontractor's terms and work.

8. **David Clemens**                                   Will Testify
   The Seattle Times Company
   19200 Denny Way
   Seattle, WA 98109

   Mr. Clemens is the Times' employee. He was designated as a 30(b)(6) representative for the Times. He will testify regarding the Times' operational history and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

9. **Jeff Belfiglio**                                  Will Testify
   Davis Wright Tremaine
   777 108th Ave NE, Ste 2300
   Bellevue, WA 98004

   Mr. Belfiglio is the Times' former environmental attorney. He will testify regarding the Times' Closure Plan and actions and planning in connection therewith, interactions with contractors, consultants and Ecology in connection therewith and the Times' lawsuits against Troy Laundry/American Linen et al. in connection with hazardous substances at the Troy Block, claims involved in the lawsuit and the settlement and release in connection therewith.

10. **Eric Rosebrock**                            Will Testify via Deposition Transcript
    710 216th Avenue NE
    Sammamish, WA 98074-3924

    Mr. Rosebrock is a former Times employee. He will testify regarding the Times' operational history and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

11. **Douglas Ranes**                            Will Testify via Deposition Transcript
    34327 N 61st Pl
    Scottsdale, AZ 85266-7351

    Mr. Ranes is the Times' former Plant Manager. He will testify regarding the Times' operational history and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

12. **David Maryatt**                            Will Testify [by Deposition Transcript if unable to
    1326 5th Ave, Ste 711                        testify live]
    Seattle, WA 98101

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Mr. Maryatt is a principle of American Linen Supply Company. He will testify regarding American Linen Supply's purchase of Troy, the sale of the Troy Block property to the Times, the move out activities from the Troy Block, the lawsuits by the Times against ALS and Troy and the settlement and release of the same, other environmental claims against ALS, the sale of the company's assets, the dispersal of company records, and other related matters.

13. **Thelma Spillers (née Leetch)**     Will Testify via Deposition Transcript
10729 17th Ave. S.W.
Seattle, WA 98146

Ms. Spillers may testify, regarding her employment with LeatherCare and her knowledge of Troy Laundry's operations including its truck fleet, activities of the Troy Trucks and on site mechanic.

14. **Larry Rowley**     Will Testify via Deposition Transcript
22505 40th Place W.
Mountlake Terrace, WA 98043

Mr. Rowley may testify regarding his employment with LeatherCare, his knowledge of Troy Laundry's operations and the Troy Block property.

15. **Sunny Becker**     Will Testify via Deposition Transcript
Washington State Department
of Ecology
3190 160th Avenue SE
Bellevue, WA 98008

Ms. Becker is the current Ecology Site Manager for the Troy Laundry Site. She may testify about Ecology's role in hazardous waste cleanup at the site.

16. **Maura O'Brien**     Will Testify via Deposition Transcript
Washington State Department
of Ecology
3190 160th Avenue SE
Bellevue, WA 98008

Ms. O'Brien is the former Ecology Site Manager for the Troy Laundry Site. She may testify about Ecology's role in hazardous waste cleanup at the site.

17. **Robert W. Warren, P.Hg., MBA**     Will Testify via Deposition Transcript
Washington State Department
of Ecology
3190 160th Avenue SE

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Bellevue, WA 98008

Mr. Warren manages Ecology's Toxics Cleanup Program for the Northwest Region, which includes the Troy Laundry Site. He may testify about Ecology's role in hazardous waste cleanup at the site.

18. **Frank Blethen**                    Will Testify via Deposition Transcript
The Seattle Times Company
1000 Denny Way
Seattle, WA 98109

Mr. Blethen is the Times' Publisher. He may testify regarding the Times' operational history and the Times' purchase, use and sale of the Troy Block.

19. **Nathaniel T. Brown**                Will Testify via Deposition Transcript
5546 179th Avenue Southeast
Bellevue, WA 98006-5930

Mr. Brown was a senior vice-president of finance for the Times. Mr. Brown may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

20. **Andrew S. Faas**                    Will Testify via Deposition Transcript
130 140th Place Northeast
Bellevue, WA 98007-6940

Mr. Faas was a controller, vice president of finance, and vice president of finance and administration for the Times. Mr. Faas may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

21. **Robert Hallowell**                  Will Testify via Deposition Transcript
11225 Southwest Corbin Beach Rd.
Vashon, WA 98070

Mr. Hallowell was a controller, vice president, and chief financial officer for the Times. Mr. Hallowell may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

22. **Carolyn S. Kelly**                    Will Testify via Deposition Transcript
3624 10th Avenue West
Seattle, WA 98119-1413

Ms. Kelly held many positions at the Times during her 32-33 years of employment, including CFO, general manager, and president. Ms. Kelly may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

23. **Frank Michael Paiva**                    Will Testify via Deposition Transcript
2674 Chesapeake Drive
Eugene, OR, 97408

Mr. Paiva held many positions at the Times during his 25 years of employment, including senior assistant production manager. Mr. Paiva may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

24. **H. Mason Sizemore**                    Will Testify via Deposition Transcript
2054 Northwest Blue Ridge Drive
Seattle, WA 98177-5428

Mr. Sizemore held many positions at the Times during his 36 years of employment, including copy editor, copy desk chief, assistant managing editor for news, managing editor, production director, assistant general manager, general manager and vice-president. Mr. Sizemore may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

25. **Douglas Howe**                    Will Testify via Deposition Transcript
Touchstone
2025 First Avenue, Suite 1212
Seattle, Washington 98121

Mr. Howe is a former principal at Touchstone. He will testify about the purchase of the Property, the purchase price, the ERIA, financing requirements and the ERIA in connection therewith, Touchstone's redevelopment plans and efforts. He will testify about the performance of redevelopment activities at the Troy Laundry Property and projected costs and budgets in connection with the same.

Defendant/ third-party plaintiff has presently not identified any witnesses who will be called to testify if necessary to establish authenticity and admissibility of certain records.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

The following witnesses are defendant/ third-party plaintiff LeatherCare's "possible witnesses only":

26. **Martin Brown**                    May Testify [by Deposition Transcript if
    901 Elliott Ave. West               unable to testify live]
    Seattle, WA 98119

    Mr. Brown is a truck driver and current employee of LeatherCare that was also employed at the time LeatherCare leased space at the Troy Block. He may testify regarding his knowledge of LeatherCare's operations in connection with his employment and his personal knowledge of Troy's operations.

27. **Steve Wood**                      May Testify
    Century Pacific, LLLP
    1201 Third Avenue, Suite 1680
    Seattle, WA 98101

    Mr. Wood is a real estate broker and strategist for the Seattle Times. He may testify about the Times' real estate marketing and sale efforts and program in connection with the Troy Block property as well as the purchase and sale agreement, its amendments and the Environmental Remediation and Indemnity Agreement between Touchstone and the Times.

28. **Paul Klansnic**                   May Testify
    Touchstone
    2025 First Ave, Ste 1212
    Seattle, WA 98121

    Mr. Klansnic is a Senior Project Manager for Touchstone. He may testify regarding Touchstone's purchase and redevelopment of the Troy Block, its contractual arrangements with Ecology and the Times and costs incurred in connection therewith.

29. **Shawn Parry**                     May Testify
    Touchstone
    2025 First Ave, Ste 1212
    Seattle, WA 98121

    Mr. Perry is Head of Operations for Touchstone. He may testify regarding Touchstone's purchase and redevelopment of the Troy Block, its contractual arrangements with Ecology and the Times and costs incurred in connection therewith.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

30. **Erin Rothman**                           May Testify
    Sound Earth Strategies
    2811 Fairview Ave East, Ste 2000
    Seattle, WA 98102

    Ms. Rothman is a principal at SES. She may testify regarding Touchstone's investigation, planning and site re-development activities, engagement with the Department of Ecology and the Times' representatives.

31. **Bruce Tiffany**, Engineer IV             May Testify
    King County Industrial
    Waste Program
    King Street Center
    201 S Jackson St Rm 513
    Seattle, WA 98104-3855

    Mr. Tiffany is an engineer at King County Industrial Waste Program. He may testify regarding the industrial waste program, roll out of implementation of local limits and sampling and waste discharge monitoring at the Troy Block.

32. **Raymond A. Carveth**                     May Testify
    13407 Wigen Rd, Apt. B
    Lynnwood, WA. 98087-1637

    Mr. Carveth is a former Industrial Waste Investigator, Comprehensive Planning Division. He may testify regarding correspondence with LeatherCare in June 1989, the absence of an industry standard limit on perchloroethylene for drycleaners (then non categorical industry) in the 1980s, the local limit process was not completed until sometime in 1990 or later.

33. **Alan Fisco**                             Will Testify via Deposition Transcript if not called
    8817 27th Avenue Northwest                 by Seattle Times
    Seattle, WA 98117-3812

    Mr. Fisco is/was the executive vice president for the Times. Mr. Fisco may testify regarding the Times' operational history, purchase and sale and value of the properties at issue, knowledge of contamination and clean-up actions or inactions and hazardous materials used by the Times at the Troy Block and at its adjacent properties.

**(c)    On behalf of defendant Touchstone:**

1.  **Douglas Howe**                           Deposition testimony only – primary and potential
    Touchstone                                 rebuttal
    2025 First Avenue, Suite 1212

PRETRIAL ORDER
2:15-cv-01901-TSZ                          - 38 -

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Seattle, Washington 98121

Mr. Howe is a former principal at Touchstone. He will testify about the ERIA and its formation as well as the purchase of the Troy Laundry Property and Touchstone's redevelopment plans and efforts. He will testify about the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to investigate and remediate the Troy Laundry Property, the invoices Touchstone submitted to the Times for reimbursement under the ERIA, and the additional remedial activities that will need to be performed on and adjacent to the Troy Laundry Property.

2.   **Peter Kingston**                     Will Testify
     Farallon Consulting, LLC
     975 5th Avenue Northwest
     Issaquah, WA 98121

Mr. Kingston is one of the former project managers for SES regarding Touchstone's investigation, remediation, and redevelopment of the Property. He will testify about the environmental investigation and remediation of the Troy Laundry Property, the performance of interim remedial activities under the First Amendment to Agreed Order issued by Ecology, the preparation of documentation related to remedial action costs incurred during redevelopment, and the overall performance of the remedial activities at the Troy Laundry Property in compliance with applicable requirements under CERCLA and MTCA.

3.   **John Funderburk**                    Will Testify
     SoundEarth Strategies
     975 5th Avenue Northwest
     Seattle, WA 98102

Mr. Funderburk is one of the project managers for SES regarding Touchstone's investigation, remediation, and redevelopment of the Property. He will testify about the environmental investigation and remediation of the Troy Laundry Property, the performance of interim remedial activities under the First Amendment to Agreed Order issued by Ecology, the overall performance of the remedial activities at the Troy Laundry Property in compliance with applicable requirements under CERCLA and MTCA, and the additional remedial activities yet to be performed at the Property.

4.   **Erin Rothman**                       May Testify in Rebuttal

5.   **Paul Klansnic**                      Will Testify
     Touchstone
     2025 First Avenue, Suite 1212
     Seattle, Washington 98121

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Mr. Klansnic is a Senior Project Manager at Touchstone. He will testify about the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to investigate and remediate the Troy Laundry Property, the invoices and documentation that Touchstone submitted to the Times for reimbursement under the ERIA, and the additional remedial activities that will need to be performed on and adjacent to the Troy Laundry Property.

6. **Shawn Parry**                    Will Testify
   Touchstone
   2025 First Avenue, Suite 1212
   Seattle, Washington 98121

Mr. Parry is a former principal and a Senior Project Manager at Touchstone. He will testify about the ERIA and its formation. He will testify about the negotiations with the Department of Ecology, the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to the Times for reimbursement under the ERIA, and the additional remedial activities that will need to be performed on and adjacent to the Troy Laundry Property.

7. **Jim O'Hanlon**                    Will Testify
   Touchstone
   2025 First Avenue, Suite 1212
   Seattle, Washington 98121

Mr. O'Hanlon is a former principal at Touchstone. He will testify about the ERIA and its formation, the purchase of the Troy Laundry Property and Touchstone's redevelopment plans and efforts, the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to investigate and remediate the Troy Laundry Property, and the additional remedial activities that will need to be performed on and adjacent to the Troy Laundry Property.

8. **Maura O'Brien**                    By Deposition
   Washington State Department
   of Ecology
   3190 160th Ave. S.E.
   Bellevue, WA 98008

Ms. O'Brien is the former Ecology Site Manager for the Troy Laundry Property. She will testify about Ecology's role in hazardous waste cleanup at the site.

9. **Russ Olsen**                    Rebuttal Only
   Washington State Department
   of Ecology
   3190 160th Ave. S.E.
   Bellevue, WA 98008

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

Ms. Olsen is the former Ecology Site Manager for the Troy Laundry Property. He will testify about Ecology's role in hazardous waste cleanup at the site.

10. **Robert W. Warren, P.Hg., MBA**    Deposition Only
Section Manager, Toxics
Cleanup Program
Ecology NW Regional Office
3190 – 160th Ave. S.E.
Bellevue, WA 98008-5452

Mr. Warren manages Ecology's Toxics Cleanup Program for the Northwest Region, which includes the Troy Laundry Property. He will testify about Ecology's supervision of cleanup of contamination on, beneath, and adjacent to the Troy Laundry Property.

11. **Shannon Testa**                    Will Testify
Lease Crutcher Lewis
2200 Western Ave #500
Seattle, WA 98121

Ms. Testa is a project manager with Lease Crutcher Lewis, and served as project manager for the excavation and redevelopment of the Troy Laundry Property. She will testify about the performance of redevelopment activities at the Troy Laundry Property, the costs Touchstone incurred to investigate and remediate the Troy Laundry Property, how the investigation and remediation work fit with the overall redevelopment, and the invoices Touchstone submitted to the Times for reimbursement under the ERIA.

Defendant Touchstone has presently not identified any witnesses who will be called to testify if necessary to establish authenticity and admissibility of certain records.

The following witnesses are defendant Touchstone's "possible witnesses only":

12. **Terry Montoya, P.E.**
Berthin Q. Hyde
SoundEarth Strategies
2811 Fairview Ave. East, Suite 2000
Seattle, WA 98102

The above-named individuals may have knowledge of the historical subsurface environmental conditions, subsurface environmental investigations, subsurface detections of contamination in soil and groundwater, and remedial activities performed at the Troy Property. The above-named individuals may also have knowledge regarding the incurrence, tracking and management of all costs and expenses associated with remedial

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

activities performed at the Troy Property regarding subsurface soil and groundwater contamination.

13. **Dean Yasuda**
    **Jerome Cruz**
    Northwest Regional Office – Washington Department of Ecology
    3190 160th Ave. S.E.
    Bellevue, WA 98008

    The above-named individuals may have knowledge of the historical subsurface environmental conditions, subsurface environmental investigations, subsurface detections of contamination in soil and groundwater, and remedial activities performed at the Troy Property. The above-named individuals may also have knowledge regarding the review and analysis performed by the Washington Department of Ecology in the negotiation and implementation of Agreed Orders, approvals of remedial action plans, and issuance of written determinations regarding subsurface environmental conditions.

14. **Steven Ritt**
    **Martin Brown**
    Leathercare, Inc.
    c/o Jo Flannery
    Ryan, Swanson & Cleveland, PLLC
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101

    The above-named individual(s) may have knowledge of historical operations at the Troy Property performed by LeatherCare, including but not limited to the use, management, handling and disposal of hazardous substances such as Stoddard solvent and perchloroethylene (PCE).

15. **Steven Wood**
    **Campbell Mathewson**
    Century Pacific LLP
    c/o Jeff Kray
    Marten Law PLLC
    1191 Second Avenue, Suite 2200
    Seattle, WA 98101

    The above-named individuals may have knowledge of historical operations at and around the Troy Property, the negotiations and finalization of the purchase and sale of the Troy Property by Touchstone from STC, the negotiation and execution of the ERIA as part of the purchase and sale of the Troy Property, and remedial activities performed and remedial action costs incurred by STC prior to the purchase and sale of the Troy Property by Touchstone from STC.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

16. **J. Riley Conkin**
    **Peter Jewett**
    Farallon Consulting, L.L.C.
    975 5th Ave NW
    Issaquah, WA 98027

    The above-named individuals may have knowledge of the historical subsurface environmental conditions, subsurface environmental investigations, subsurface detections of contamination in soil and groundwater, and remedial activities performed at the Troy Property. The above-named individuals may also have knowledge regarding the incurrence, tracking and management of all costs and expenses associated with remedial activities performed at the Troy Property regarding subsurface soil and groundwater contamination.

## ACTION BY THE COURT

(a) This case is scheduled for trial without a jury on January 9, 2018, at 9:00 am PST.

(b) Trial briefs shall be submitted to the court on or before December 13, 2017.

(c) The case shall be tried in the following order:

1. Seattle Times' case-in-chief under CERCLA and MTCA;

2. LeatherCare's defenses to Seattle Times' CERCLA and MTCA claims, counterclaims against the Seattle Times under CERCLA and MTCA, and third party claims against Touchstone;

3. Seattle Times' rebuttal to LeatherCare's counterclaims;

4. Touchstone's rebuttal to LeatherCare's third party claims, Touchstone's counterclaims against LeatherCare, and cross-claims against the Seattle Times;

5. Seattle Times' rebuttal to Touchstone's cross-claims.

6. LeatherCare's defenses to Touchstone's counterclaims;

(d) Pursuant to LCR 43(g), the parties request leave to submit voluminous exhibits electronically.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

(e)     The parties have agreed on submitting designated testimony from some witnesses via deposition transcript pursuant to 32(a)(4) and seek the Court's approval for such use. Below is a legend showing the colors used for each party's designations.

| | |
|---|---|
| | LeatherCare designations |
| | Touchstone designations |
| | Seattle Times designations |
| | Designations by more than one party |

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 15th day of December, 2017.

_____
Thomas S. Zilly
United States District Judge

FORM APPROVED

s/ Jeff B. Kray
s/ Jessica K. Ferrell
s/ Bradley M. Marten
Jeff B. Kray, WSBA No. 22174
Jessica K. Ferrell, WSBA No. 36917
Bradley M. Marten, WSBA No. 13582
MARTEN LAW PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-292-2600
Fax: 206-292-2601
Email: jkray@martenlaw.com
        jferrell@martenlaw.com
        bmarten@martenlaw.com

Attorneys for Plaintiff Seattle Times Company

PRETRIAL ORDER
2:15-cv-01901-TSZ                                    - 44 -

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)

*s/ Jo Flannery*
*s/ Kristin Nealey Meier*
Jo Flannery, WSBA #26086
Kristin Nealey Meier, WSBA #33562
RYAN SWANSON & CLEVELAND, PLLC
1201 Third Ave Suite 3400
Seattle, WA 98101
Phone: 206-464-4224
Fax:     206-583-0359
Email: flannery@ryanlaw.com
        kmeier@ryanlaw.com
        walker@ryanlaw.com

Attorneys for Touchstone


*s/ Ken Lederman*
*s/ Alexandra E Kleeman*
Ken Lederman, WSBA #26515
Alexandra E. Kleeman, WSBA# 44163
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone: (206) 447-4400
Fax:     (206) 447-9700
Email: ken.lederman@foster.com
        GillA@foster.com

Attorneys for Touchstone


*s/ Jeremy R. Larson*
Jeremy R. Larson, WSBA #22125
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7043
Phone: (206) 903.8800
Fax:     (206) 903.8820
Email: larson.jake@dorsey.com

Attorneys for Third Party Defendants

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600; 206-292-2601 (FAX)