UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE TIMES COMPANY,

        Plaintiff,

  v.

LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,

        Defendants/Third-Party Plaintiffs,

  v.

TOUCHSTONE SLU LLC; and TB TS/RELP LLC,

        Third-Party Defendants.

C15-1901 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for clarification, docket no. 274, brought by third-party defendants Touchstone SLU LLC and TB TS/RELP LLC (collectively, "Touchstone"), is treated as a timely motion, made pursuant to Federal Rule of Civil Procedure 52(b), to amend the Court's findings of fact and conclusions of law, docket no. 270, and it is DENIED. Touchstone challenges the following language in the Court's Order entered August 15, 2018: "Because Seattle Times has already paid Touchstone more than what it has been determined to owe after allocation under MTCA [Washington's Model Toxics Control Act], Touchstone's request for prejudgment interest is denied as moot." Order at 118 n.77 (docket no. 270). Touchstone contends that this footnote lacks clarity as to

MINUTE ORDER - 1

whether Touchstone is entitled to prejudgment interest from plaintiff Seattle Times Company ("Seattle Times") under the Environmental Remediation and Indemnity Agreement ("ERIA") between the parties. The footnote, however, is unequivocal that Touchstone's request for prejudgment interest is denied and, as acknowledged in its Rule 52(b) motion, Touchstone sought prejudgment interest only under the ERIA, and not pursuant to MTCA. The Court remains persuaded that Touchstone is not entitled to prejudgment interest in connection with the amount awarded pursuant to the ERIA. Under Washington law, which governs as to Touchstone's contract claim, prejudgment interest is permitted only when the amount claimed is "liquidated." *See Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662 (1986). A claim is "liquidated" when the evidence furnishes data that, if believed, makes computation of the exact amount of damages possible, without reliance on opinion or discretion. *Id.* (citing *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968)). An "unliquidated" claim is one that depends "upon the opinion or discretion of the judge or jury." *Id.* at 473; *see also Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537, 549, 874 P.2d 868 (1994) ("if the factfinder must exercise discretion to determine the measure of damages, the claim is unliquidated"). In *Kampanos*, the Washington Court of Appeals affirmed the denial of prejudgment interest, explaining that, although the amount that the plaintiff expended to clean up the contamination at issue was a sum certain, the defendant's share of those costs was not. 74 Wn. App. at 549. This case is in a similar posture. In calculating the amount owed by Seattle Times to Touchstone under the ERIA, the Court was required to devote 28 of the 55 pages (over 50%) of the discussion section of a 121-page order to the tasks of construing the contract, determining whether particular expenses qualified as "incremental costs" and/or related to third-party claims, and assessing whether various amounts claimed by Touchstone pursuant to its contract with Seattle Times were supported by the law and the evidence. To suggest that the resulting award to Touchstone was a "liquidated" amount simply ignores the many weeks of trial in this matter and the several months of effort expended by the Court in crafting findings of fact and conclusions of law.

(2) In its motion for attorney's fees, docket no. 281, Touchstone has sought both prejudgment interest and costs. The request for prejudgment interest is STRICKEN as moot for the reasons set forth in Paragraph 1, above. By Order entered August 15, 2018, Touchstone was directed to tax costs in the manner set forth in Local Civil Rule 54(d), which requires that a bill of costs be filed within twenty-one (21) days after the entry of judgment. *See* Order at 119 (docket no. 270). The Court did not extend the deadline for taxing costs. *See id.*; *see also* Minute Order at ¶ 2 (docket no. 273) (setting a due date for only an attorney's fees motion). Touchstone did not timely tax costs. The Court will treat Touchstone's pending motion as seeking an extension of time to file a separate tax bill to be considered by the Clerk pursuant to Local Civil Rule 54(d). Any response to such request for extension shall be incorporated into any response concerning Touchstone's motion for attorney's fees.

MINUTE ORDER - 2

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to the United States Court of Appeals for the Ninth Circuit.

Dated this 16th day of October, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3