UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE TIMES COMPANY,

        Plaintiff,

  v.

LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,

        Defendants/Third-Party Plaintiffs,

  v.

TOUCHSTONE SLU LLC; and
TB TS/RELP LLC,

        Third-Party Defendants.

C15-1901 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for designation as a prevailing party, docket no. 286, brought by Seattle Times Company ("Seattle Times") is DENIED. Seattle Times seeks to be declared a "prevailing party" in this action so that it may recover its reasonable attorneys' fees and costs from LeatherCare, Inc. ("LeatherCare") pursuant to Washington's Model Toxics Control Act ("MTCA"). *See* RCW 70.105D.080. In its Amended Complaint, docket no. 18, Seattle Times asserted *inter alia* one MTCA claim against LeatherCare and Steven Ritt and his marital community ("Ritt"). With respect to its MTCA claim, Seattle Times is not the prevailing party because (i) it failed in its efforts to hold Ritt personally liable as an "operator" of LeatherCare's facility, (ii) it was unsuccessful in its attempt to recover the costs of a soil vapor extraction system, and (iii) contrary to its contention that LeatherCare and Ritt are liable for "96.42% of the costs at the Site," *see* Prop. Findings of Fact & Conclusions of Law at ¶ 79 (docket no. 199), Seattle Times, as opposed to LeatherCare or Ritt, was held responsible for (a) 100% of the petroleum-

MINUTE ORDER - 1

related remedial action costs, (b) 100% of the expenses of transporting and disposing of soil from perchloroethylene ("PCE") plumes attributable solely to Troy Linen and Uniform Service, Inc. ("Troy"), now a defunct entity, from which Seattle Times purchased the property at issue, (c) a 31/103 share of past and future groundwater treatment and regulatory review expenses, and (d) a 30% equitable allocation of the costs of transporting and disposing of all other PCE-contaminated soil. *See* Order at Tables 1, 2, 3, & 4 and Discussion § E (docket no. 270).

(2) The motion for designation as a prevailing party, docket no. 287, brought by LeatherCare and Ritt is DENIED in part and GRANTED in part, as follows.

(a) For purposes of recovering attorneys' fees and costs under MTCA, LeatherCare will not be deemed a "prevailing party" with respect to either Seattle Times or Touchstone SLU LLC and TB TS/RELP LLC ("Touchstone"). At trial, LeatherCare took the position that (i) only 22% of the material excavated from the property at issue and transported to an appropriate waste facility was contaminated with PCE above the clean-up level published by the Washington Department of Ecology, (ii) as a result, only 22% of the excavation-related expenses were recoverable under MTCA, and (iii) LeatherCare should be equitably allocated responsibility for only 40% of the adjusted amount (*i.e.*, 40% of 22% of the costs of transporting and properly disposing of excavated soil). *See* Prop. Findings of Fact & Conclusions of Law at ¶ 17 (docket no. 198). LeatherCare also argued that it should have liability for only 30% of past groundwater treatment expenses and no liability for future groundwater treatment costs. *Id.* The Court rejected LeatherCare's proposals and allocated to LeatherCare (i) 70% of the expenses associated with transporting and disposing of PCE-contaminated soil (other than the plumes attributable to Troy), and (ii) 29/103rds of both past and future groundwater treatment and regulatory review costs. *See* Order at Tables 3 & 4 (docket no. 270). Judgment was entered against LeatherCare in the amount of $5,435,432.24, with a little over $1.85 million to be paid to Seattle Times and the remaining roughly $3.58 million going to Touchstone. *See* Judgment (docket no. 271). The motion for designation as a prevailing party, docket no. 287, is DENIED as to LeatherCare.

(b) As conceded by Seattle Times, *see* Response at 2 (docket no. 294), Ritt is a "prevailing party" entitled to reasonable attorneys' fees and costs associated with defending against the MTCA claim[1] asserted by Seattle Times.

---

[1] Although Ritt also prevailed with regard to the claims asserted against him under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), he is not, as a private litigant, entitled to attorneys' fees under CERCLA. *See Key Tronic Corp. v. United States*, 511 U.S. 809 (1994); *La.-Pac. Corp. v. Asarco Inc.*, 24 F.3d 1565, 1577 (9th Cir. 1994).

MINUTE ORDER - 2

*See* RCW 70.105D.080.  The motion for designation as a prevailing party, docket no. 287, is GRANTED as to Ritt with respect to Seattle Times.[2]

(3) On or before February 14, 2019, Ritt shall file any motion for attorneys' fees, and note it for the third Friday after filing.  Any response and any reply shall be due in accordance with Local Civil Rule 7(d)(3).  Any separate motion by Ritt to tax costs shall also be filed by February 14, 2019, and noted for decision by the Clerk in the manner set forth in Local Civil Rule 54(d).

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of January, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[2] The Order entered August 15, 2018, docket no. 270, indicates that Seattle Times and Touchstone each asserted a claim under MTCA against Ritt, *see id.* at 65-66, but in contrast to Seattle Times, Touchstone did not argue that Ritt was personally liable under MTCA as an "operator" (or under CERCLA as an "arranger"), *see id.* at 69-72, and instead treated Ritt's liability as indistinguishable from LeatherCare's liability, *see* Touchstone's Trial Brief at 1 n.2 & 30-35 (docket no. 123).  Moreover, in the Pretrial Order ("PTO"), Touchstone identified no separate claim against Ritt or legal basis for holding Ritt personally liable for the remedial action costs at issue.  PTO at 4-5 (docket no. 154).  By the same token, Ritt made no claim in the PTO against Touchstone for contribution or reasonable attorneys' fees and costs under MTCA.  *Id.* at 4.  As a result, the August 2018 Order appropriately focused on Seattle Times's theories alleging that Ritt should be held personally liable and, after rejecting them, explicitly dismissed Seattle Times's claims against Ritt.  Order at 69-72, 121 (docket no. 270).  No similar analysis or ruling was required with regard to the MTCA claims between Touchstone and Ritt, which neither party pursued at trial, and the Court is satisfied that Touchstone is not entitled to reasonable attorneys' fees or costs from Ritt and vice versa.

MINUTE ORDER - 3