UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,<br><br>        Defendants/Third-Party Plaintiffs,<br><br>  v.<br><br>TOUCHSTONE SLU LLC; and TB TS/RELP LLC,<br><br>        Third-Party Defendants. | C15-1901 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion for attorneys' fees brought by Touchstone SLU LLC and TB TS/RELP LLC ("Touchstone"), docket no. 281.[1]

---

[1] In its motion, Touchstone also requested costs and prejudgment interest. The request for costs was treated as a motion for extension of time to tax costs in the manner set forth in Local Civil Rule 54(d), and the motion for prejudgment interest was stricken as moot. *See* Minute Order (docket no. 288). Touchstone has appealed from this ruling, *see* Notice (docket no. 309), and its request for an extension of time to tax costs has been stayed pending a decision of the United States Court of Appeals for the Ninth Circuit in Case No. 18-35966, *see* Minute Order (docket no. 311).

ORDER - 1

Having reviewed all papers filed in support of, and in opposition to, Touchstone's motion, the Court enters the following order.

**Discussion**

Touchstone was the prevailing party on its claim against Seattle Times Company ("Seattle Times") for breach of the contract between Touchstone and Seattle Times, namely the Environmental Remediation and Indemnity Agreement ("ERIA"), and on its claim against LeatherCare, Inc. ("LeatherCare") pursuant to Washington's Model Toxics Control Act ("MTCA").[2] *See* Order (docket no. 270); Judgment (docket no. 271). The ERIA contained the following provision:

> In any action between the Parties to interpret or enforce any of the terms and conditions of this Environmental Agreement, the substantially prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs including those incurred at arbitration or an appeal.

ERIA at ¶ 10, Tr. Ex. 100. Similarly, under MTCA, the prevailing party in a lawsuit to recoup "remedial action costs" is entitled to recover "reasonable attorneys' fees and costs." RCW 70.105D.080. Seattle Times and LeatherCare do not dispute that Touchstone should be awarded reasonable attorneys' fees, but they raise several challenges to the amount Touchstone has sought in its motion.

Washington law governs the determination of reasonable attorneys' fees in this case. When a fee-shifting statute (or contract) is silent concerning how reasonable

---

[2] Touchstone did not prevail, however, on claims brought against Steven Ritt and his marital community or on claims asserted under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* Order (docket no. 270). Touchstone also did not succeed on two dispositive motions brought by Seattle Times in which it joined. *See* Minute Orders (docket nos. 88 & 99); Touchstone's Reply (docket no. 62); Touchstone's Reply (docket no. 82).

ORDER - 2

attorneys' fees should be calculated, Washington courts generally employ the lodestar method. *See* Brand v. Dep't of Labor & Indus., 139 Wn.2d 659, 666, 989 P.2d 1111 (1999). The lodestar method involves two steps: first, computing a lodestar amount by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter; and second, adjusting the lodestar figure either up or down to reflect factors that have not already been taken into account, for example, the contingent nature of success and the quality of the work performed. *See id.*; *see also* Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 593-99, 675 P.2d 193 (1983) (quoting Miles v. Sampson, 675 F.2d 5, 8 (1st Cir. 1982), and citing Copeland v. Marshall, 641 F.2d 880 (D.C. Cir. 1980)). The Court is not bound by the lodestar value, but rather, is charged with making "an independent decision" as to what represents a reasonable amount of attorneys' fees. Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 744, 733 P.2d 208 (1987). With regard to reasonableness, an attorney's billing records, although relevant, are "in no way dispositive." *Id.* The fee applicant bears the burden of proving the reasonableness of the amount requested. Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993).

    **A.**    **Foundation**

LeatherCare contends that Touchstone's motion for attorneys' fees is defective because Touchstone (i) did not file a proposed order, (ii) relied on summary charts (Microsoft Excel spreadsheets) rather than invoices actually sent to or paid by Touchstone, (iii) offered the opinion of a previously undisclosed expert, and (iv) redacted

the description of work performed from several of the spreadsheet entries.  Seattle Times further argues that Touchstone's motion fails to provide qualifications for the following timekeepers:  Benjamin Cunning, Ana Maria Garnier, Elizabeth Howell, Andrew King, Kayleigh Klinzman, Thomas Parkes, Jacqueline Quarre, Barbara Rothwell, William James Werner, Rylan Lee Scott Weythman, and Sarah Willis.

Both LeatherCare's request that Touchstone's motion for attorneys' fees be denied for failure to file a proposed order and/or provide actual invoices and LeatherCare's motion to strike the declaration of Stephen J. Tan, docket no. 284, are DENIED.  The Court agrees, however, that Touchstone's "narrative" redactions impeded the opposing parties' abilities to understand what services had been provided and determine whether objections could be asserted as to the related requests for attorneys' fees.  Thus, in calculating the lodestar amount, the time associated with entries that were in any way redacted has been disregarded.  The Court also agrees that Touchstone's failure to include any biographical information for the personnel listed above prevents the Court from assessing whether the hourly rates charged for such individuals' services were consistent with the usual rates in the local legal community for comparable work.  The Court has therefore not awarded attorneys' fees for such persons' billings.

**B.**     **<u>Unsuccessful Efforts</u>**

Despite failing on its claims under CERCLA and against Ritt and his marital community, Touchstone included in its attorneys' fees request billing entries reporting efforts related to those claims.  Touchstone has also sought attorneys' fees related to its

fruitless attempt to obtain prejudgment interest.[3] The time spent on these unsuccessful matters has been excluded from the lodestar calculation.

### C. Pre-Claim and Mediation Activities

LeatherCare aptly contends that attorneys' fees for tasks identified by Touchstone as "pre-claim activities" are not recoverable under MTCA. Indeed, Touchstone has coded many of the "pre-claim activities" billings as related solely to the ERIA. Several of these entries, however, are redacted, and the Court has therefore not included any of the time spent on "pre-claim activities" (Task 1) in computing the lodestar. The Court has also excluded "mediation activities" (Task 6) in light of Touchstone's concession. *See* Reply at 4 n.3 (docket no. 305).

### D. Block Billing

The Court agrees with Seattle Times that a reduction for Touchstone's practice of "block billing" is appropriate because the Court cannot, from the time records submitted, assess exactly how much time was devoted to each particular activity. Seattle Times has asked for a 50% discount, but the Court has applied a 10% markdown, which sufficiently accounts for any imprecision caused by block billing.

### E. Non-Legal Work

Seattle Times argues that almost half of the time recorded by paralegal Kelly Hamilton was for work that was not "legal in nature" and therefore not recoverable as

---

[3] Touchstone devoted five of the twelve pages of its motion for attorneys' fees to the issue of prejudgment interest. Thus, the time spent on the motion for attorneys' fees (Task 13) has been reduced by 42%. Moreover, the billings for "post-verdict activities" (Task 10), which primarily involved prejudgment interest, have been eliminated from the lodestar computation.

reasonable attorneys' fees. Although the Court agrees that some of the services performed by Hamilton were clerical in nature, the Court does not believe that the proportion of such time is as high as Seattle Times suggests. The Court has applied a 10% reduction to Hamilton's billings, which adequately addresses the objection Seattle Times has raised. LeatherCare separately challenges the services that Touchstone has described as "regulatory compliance" work on the ground that such attorneys' fees (and costs) should have been sought as damages at trial. The Court agrees, and the billing entries coded by Touchstone as "regulatory compliance" (Task 12) activities are not included in the lodestar figure.

### F. Billing Rates

LeatherCare challenges the hourly rates requested for Jeremy (Jake) R. Larson's services. The Court agrees that the leap in Larson's rates from the year 2016 ($550/hour) to the year 2017 ($660/hour), a 20% increase, was unreasonable and inconsistent with the local economy, and that Larson's rates are not comparable to the rates charged by other lawyers in the local community performing similar work or by other attorneys involved in this matter. The Court has instead used the hourly rates billed for Larson's co-counsel Ken Lederman's time, namely $425/hour until January 31, 2017, $440/hour through December 31, 2017, and $455/hour thereafter.

### G. Allocation of Non-Segregable Fees

To the extent that Touchstone has coded billings as related exclusively to the ERIA (yellow) or MTCA (green) claims, the Court has applied such allocation, with Seattle Times being responsible for the attorneys' fees associated with the contract (ERIA) dispute, and LeatherCare having liability for the share of attorneys' fees incurred

solely in connection with the statutory (MTCA) claim. With regard to the remaining attorneys' fees, which the parties appear to agree cannot be apportioned between the ERIA and MTCA claims, the Court has used the same proportions that were assigned to Seattle Times (30%) and LeatherCare (70%) in connection with the allocation of costs for transporting and disposing of perchloroethylene-contaminated soil. <u>See</u> Order at 114, 116-17 (docket no. 270). The Court DECLINES to make Seattle Times and LeatherCare jointly and severally liable for the non-segregable fees, and each entity will bear only its assigned share of Touchstone's attorneys' fees.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Touchstone's motion for attorneys' fees, docket no. 281, is GRANTED in part and DENIED in part.

(2) Touchstone is AWARDED reasonable attorneys' fees as follows: (i) Seattle Times shall pay Touchstone reasonable attorneys' fees in the amount of $398,889.73; and (ii) LeatherCare shall pay Touchstone reasonable attorneys' fees in the amount of $446,746.53.

(3) The Clerk is DIRECTED to enter supplemental judgment consistent with this Order and to send a copy of this Order and the Supplemental Judgment to all counsel of record.

DATED this 28th day of February, 2019.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge