UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE TIMES COMPANY,

    Plaintiff,

  v.

LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,

    Defendants/Third-Party Plaintiffs,

  v.

TOUCHSTONE SLU LLC; and TB TS/RELP LLC,

    Third-Party Defendants.

C15-1901 TSZ

ORDER

THIS MATTER comes before the Court on a motion for attorneys' fees, docket no. 321, brought by Steven Ritt and the marital community composed of Steven Ritt and Laurie Rosen-Ritt (collectively, "Ritt").[1]  Having reviewed all papers filed in support of, and in opposition to, Ritt's motion, the Court enters the following order.

---

[1] This motion also seeks recovery of litigation expenses, but Ritt has filed a separate motion to tax costs, docket no. 323, which is pending before the Clerk of the Court. Costs are therefore not addressed in this Order.

ORDER - 1

## Discussion

Ritt was the prevailing party with regard to a claim brought by Seattle Times Company ("Seattle Times") pursuant to Washington's Model Toxics Control Act ("MTCA"). *See* Minute Order at ¶ 2(b) (docket no. 313); *see also* Order (docket no. 270); Judgment (docket no. 271). Under MTCA, the prevailing party in a lawsuit to recoup "remedial action costs" is entitled to recover "reasonable attorneys' fees and costs." RCW 70.105D.080. The fee applicant bears the burden of proving the reasonableness of the amount requested. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). Under Washington law, which governs the determination of reasonable attorneys' fees in this case, the lodestar method applies. *See Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 666, 989 P.2d 1111 (1999).

The lodestar method involves two steps: first, computing a lodestar amount by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter; and second, adjusting the lodestar figure either up or down to reflect factors that have not already been taken into account, for example, the contingent nature of success and the quality of the work performed. *See id.*; *see also Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-99, 675 P.2d 193 (1983) (quoting *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982), and citing *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980)). The Court is not bound by the lodestar value, but rather, is charged with making "an independent decision" as to what represents a reasonable amount of attorneys' fees. *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744, 733 P.2d 208 (1987). With regard

to reasonableness, an attorney's billing records, although relevant, are "in no way dispositive." *Id.*

Ritt has requested $807,613.00 in attorneys' fees, arguing that the time spent on defending LeatherCare, Inc. ("LeatherCare"), which was also sued by Seattle Times, and which was represented by the same attorneys as Ritt, cannot be segregated from the efforts devoted to Ritt's defense. The Court disagrees. The Court will award 100% of the attorneys' fees associated with (i) the billing entries of Jo M. Flannery and Kristin Nealey Meier[2] that mention Ritt, and (ii) Flannery's and Meier's services in successfully opposing the motion filed by Seattle Times in June 2017 seeking summary judgment concerning Ritt's liability. With regard to the remainder of Flannery's and Meier's fees, the Court will use a 10% multiplier of the lodestar amount, which reflects a reasonable apportionment between work performed for Ritt and their representation of LeatherCare.

Ritt's personal liability was not a primary issue in this litigation. Rather, on behalf of both Ritt and LeatherCare, Flannery and Meier focused most of their energy on the unsuccessful argument that recovery under MTCA for excavation-related expenses should be limited to the percentage (allegedly 22%) of soil that had concentrations of

---

[2] Ritt has asked for attorneys' fees related to work performed by individuals as to whom no biographical information has been provided. The Court cannot assess whether the hourly rates sought for such lawyers' services are consistent with the usual rates in the local legal community for comparable work, and the Court therefore declines to award any attorneys' fees associated with the billings of Kari Brotherton, Madison M. Burke, Madeline S. Davis, Bryan C. Graff, Richard Hyatt, Roger Kindley, Shannon Lawless, Teru Scott Olsen, John Petrie, and Clifton Stratton. The Court made a similar ruling in connection with the motion for attorneys' fees brought by Touchstone SLU LLC and TB TS/RELP LLC. *See* Order at 4 (docket no. 328).

ORDER - 3

perchloroethylene ("PCE") above the "cleanup" level published by Washington's Department of Ecology (0.05 mg PCE per kg soil). <u>See</u> Order at 105-07 (docket no. 270). They also lobbied to no avail for parties other than Ritt and LeatherCare to be equitably allocated a majority (60% or more) of the responsibility for the remedial action costs at issue. <u>See</u> Trial Br. at 27 (docket no. 131). Ritt is not entitled to attorneys' fees or litigation expenses, including expert witness fees, incurred to advance theories on which neither Ritt nor LeatherCare prevailed.

      In concluding that Ritt is entitled to 10% of the lodestar figure for Flannery's and Meier's general billings, the Court has considered the declaration of Peter Hsiao, an expert for Seattle Times, who opined that the appropriate amount of reduction for entries encompassing recoverable and non-recoverable time is 85%. <u>See</u> Hsiao Decl. at ¶¶ 6 & 20 (docket no. 326). Because the Court has awarded 100% of the fees related to Flannery's and Meier's "Ritt" specific work, the Court will allow 10%, rather than 15%, of their remaining billings. The 10% figure also reflects the proportion of the discussion section of the Court's Order entered August 15, 2018, docket no. 270, that was devoted to analyzing whether Ritt qualified as an "operator" under MTCA (roughly 5.5 of the 56 pages).

      The Court will use the same multiplier (10%) with respect to paralegal billings, which adequately accounts for the segregable nature of the issues on which Ritt prevailed, as well as any work that was clerical, as opposed to legal, in nature. The Court declines to adopt the suggestion of Seattle Times to further reduce the lodestar figure to compensate for block-billing practices.

ORDER - 4

Flannery has represented that both she and Meier billed at the reduced rate of $300 per hour for this matter. Flannery Decl. at ¶¶ 6 & 7 (docket no. 322). The billing entries submitted in support of the motion for attorneys' fees, however, show rates for Flannery's and Meier's services ranging from $260 to $380 per hour, with the prevalent rates being $300 or $320 per hour. *See id.* at Ex. B (docket no. 322-2). Seattle Times has not challenged the hourly rates requested for Flannery's and Meier's services, and the Court finds that rates ranging from $260 to $380 per hour are reasonable.

Flannery has also indicated that paralegals billed at reduced rates in this matter. *See id.* at ¶ 10. The proffered billing entries reflect rates ranging from $115 to $170 per hour. *See id.* at Ex. B. Seattle Times contends that all paralegal time should be deducted because biographical information was not provided for any paralegal, but it has not separately argued that the requested rates are unreasonable. The Court concludes that Flannery's description of the paralegals as having "a minimum of 10 years of experience in the field," *id.* at ¶ 10, is sufficient to support the hourly rates at issue, which the Court finds reasonable and consistent with the typical rates in the local legal community for paralegals with equivalent experience.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Ritt's motion for attorneys' fees, docket no. 321, is STRICKEN in part (as to costs and/or litigation expenses) without prejudice, GRANTED in part, and DENIED in part.

(2) Ritt is AWARDED reasonable attorneys' fees as follows:

| Description | Requested | Awarded |
|---|---:|---:|
| Flannery and Meier ("Ritt" specific work) | $42,696.00 | $42,696.00 |
| Flannery and Meier (apportioned 10%) | $676,658.00 | $67,665.80 |
| Paralegal (apportioned 10%) | $71,268.00 | $7,126.80 |
| Other Attorneys | $29,293.00 | $0.00 |
| **TOTAL** | $819,915.00 | **$117,488.60** |

(3) The Clerk is DIRECTED to enter supplemental judgment consistent with this Order and the Order entered March 1, 2019, docket no. 328, and to send a copy of this Order and the Supplemental Judgment to all counsel of record.

DATED this 17th day of April, 2019.

Thomas S. Zilly
United States District Judge