UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>LEATHERCARE, INC.; STEVEN RITT; and the marital community composed of STEVEN RITT and LAURIE ROSEN-RITT,<br><br>        Defendants/Third-Party Plaintiffs,<br><br>   v.<br><br>TOUCHSTONE SLU LLC; and TB TS/RELP LLC,<br><br>        Third-Party Defendants. | C15-1901 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on an unopposed motion, docket no. 362, brought by (i) LeatherCare, Inc. ("LeatherCare"); (ii) Steven Ritt and the marital community composed of Steven Ritt and Laurie Rosen-Ritt (collectively, "Ritt"); and (iii) Touchstone SLU LLC and TB TS/RELP LLC (collectively, "Touchstone"), seeking a determination concerning the reasonableness of a settlement among them. The only other party to this litigation, Seattle Times Company ("Seattle Times"), has indicated that it does not oppose entry of an order finding the proposed settlement reasonable, it waives

ORDER - 1

any right to a hearing under RCW 4.22.060, and it reserves all rights and defenses as to the effect of the settlement on its several liability.  Pla.'s Statement of Non-Opposition (docket no. 370).

The Court is of the opinion that no reasonable determination is required. Washington's Tort Reform Act effectively abolished "joint and several liability in most circumstances in favor of proportionate liability." *Point Ruston, LLC v. Pac. NW Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, No. C09-5232, 2010 WL 2545399 at *1 (W.D. Wash. June 21, 2010).  The "centerpiece" of this legislation, *i.e.*, RCW 4.22.070, requires that all liability be apportioned unless a listed exception applies, in which event the liability would be joint and several.  *See id.* at *2 (quoting *Standing Rock Homeowners Ass'n v. Misich*, 106 Wn. App. 231, 245, 23 P.3d 520 (2001)); *see also* RCW 4.22.070(1).  Only if a defendant is jointly and severally liable is the effect of any settlement governed by RCW 4.22.060, which requires that a determination as to the reasonableness of the amount to be paid in settlement be obtained from the Court.  *See* RCW 4.22.070(2); *see also* RCW 4.22.060(1).  In this matter, however, the Court has expressly declared that Ritt has no liability, *see* Order at 121, ¶ 2 (docket no. 270), and that Seattle Times and LeatherCare are severally, and not jointly, liable to Touchstone, *see id.* at 118, ¶ 4.  Thus, no reasonableness analysis is required by RCW 4.22.070(2). Moreover, actions, like this one, relating to hazardous substances are explicitly excluded from the requirements of the Tort Reform Act's "centerpiece."  RCW 4.22.070(3)(a).

Having concluded that no hearing pursuant to RCW 4.22.060 is needed, the Court nevertheless accepts the concession of Seattle Times that the proposed settlement among

ORDER - 2

Touchstone, LeatherCare, and Ritt is reasonable. LeatherCare was allocated a share of Touchstone's recovery under Washington's Model Toxics Control Act ("MTCA") in the amount of $5,435,432.24. Order at 119, ¶ 7 (docket no. 270). Of that sum, a portion was paid to Seattle Times to reimburse it for what it overpaid to Touchstone pursuant to the MTCA, see Satisfaction of Judgment (docket no. 365), and judgment was entered against LeatherCare and in favor of Touchstone on its MTCA claim in the principal amount of $3,580,676.85, plus interest to accrue at the rate of two and forty-four hundredths of one percent (2.44%) per annum. Judgment at ¶¶ 5 & 9 (docket no. 271). Supplemental judgment was entered against LeatherCare and in favor of Touchstone with respect to its reasonable attorneys' fees in the amount of $446,746.53, see Supp. Judgment (docket no. 337), resulting in a principal balance of $4,027,423.38 owed by LeatherCare to Touchstone, with LeatherCare also being responsible for a 29/103 share of any future response costs relating to groundwater treatment, regulatory review, or operation of the 103 injection wells at the real property bounded by Fairview Avenue North, Thomas Street, Boren Avenue North, and Harrison Street in Seattle, Washington, see Judgment at ¶ 10 (docket no. 271).

The proposed settlement contemplates a lump-sum payment of $4.3 million, with $1,637,178.77 allocated to future costs, and the remaining $2,662,821.23 apportioned among past costs, post-judgment interest, and attorneys' fees. See Motion at 5 (docket no. 362). The manner in which the settlement funds are to be structured would result in the amount that Seattle Times owes to Touchstone under the Environmental Remediation

ORDER - 3

and Indemnity Agreement being reduced to $1,688,546.72.  *See id.* at 6.  No objection having been made, the Court approves the settlement.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The motion brought by Touchstone, LeatherCare, and Ritt, docket no. 362, is GRANTED; and

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of January, 2021.

Thomas S. Zilly
United States District Judge

ORDER - 4